L. Barrow Hill, J.
This is an application for an order of prohibition against the Police Justice of a small incorporated village to prevent him from proceeding with the trial of a criminal charge against the defendants under a recently enacted anti-noise village ordinance.
Prohibition is an extraordinary remedy resting in the sound discretion of the court, not ordinarily available to a litigant, when the ordinary processes of the law offer an adequate remedy to redress his grievance. But this is rather an extraordinary case and while the petitioners indubitably will have a right to appeal after conviction, the question arises: Is such a remedy fully adequate, where a local ordinance attempts to proscribe conduct so innocuous and devoid of criminal proclivity as to make its interdiction preposterous?
To illustrate, section 3 of the ordinance provides: ‘ ‘ Section 3. It shall be unlawful for any person to make, continue, or cause to be made or continued any loud, unnecessary or unusual noise or any noise which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety to others, within the limits of the Village of Sands Point.”
Thus the emitting of any noise whatsoever, which annoys or disturbs others is unlawful. This is so, since the disjunctive “ or ” is used in describing both the noise and its effect. This is not said by way of approval, even if this sentence were not phrased in the alternative, but merely to show the extreme unreasonableness of the enactment.
Section 4 (2) provides that the “ reproduction of sound at any time of the day or night on premises in the Village of Sands Point, as to be audible at the property line of adjoining premises shall be prima facie evidence of a violation of this section ”. It is a strange law indeed which can contemplate making operating a record player at 2 o’clock in the afternoon so that it can be heard at the property line, prima facie evidence of a crime.
Sounding of church bells to call people to religious service would be particularly objectionable, such sounds crossing as they do, property lines indiscriminately.
Enough has been said to describe this ordinance.
*27 Petitioners, who operate a day school for children in the respondent village claim that this ordinance has been passed for the sole purpose of putting them out of business, the village having been unsuccessful in its previous attempts to do so, by legal proceedings which have been going on for years.
This might very well be true, but a cataloguing of these proceedings would be tedious and is unnecessary to this decision, which I prefer to rest on the ground that the Police Justice is without jurisdiction to try these alleged offenses (there are eight of them) since the conduct they charge is patently not criminal (People ex rel. Sampson v. Dunning, 113 App. Div. 35; People ex rel. Sandman v. Tuthill, 79 App. Div. 24). The writ of prohibition is granted.
Settle order.