■ Margaret Frinz et al., Respondents, v. Frank N. Sandells et al., Appellants.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from an order denying appellants' motion to change the place of trial from Nassau County to Otsego County where the causes of action allegedly arose. The motion was made pursuant to subdivision 3 of section 187 of the Civil Practice Act on the grounds that the convenience of witnesses and the ends of justice would be promoted by such change. Order affirmed, without costs. No opinion. Nolan, P. J., Hallinan and Kleinfeld, JJ., concur; Murphy and Ughetta, JJ., dissent and vote to reverse the order and to grant the motion, with the following memorandum: A transitory cause should be tried in the county in which it arose. The accident occurred in Otsego County. The stairway on which it occurred is there available for inspection. The witnesses to its condition live in Otsego County. The aged and infirm appellants are there. Also in Otsego County are the hospital records for the month following the accident and the attending physicians. An immediate trial can be had there.

■ In the Matter of Dicmac Holding Co., Appellant, against Robert C. Weaver, as State Rent Administrator, Respondent, and Eli Fried et al., Intervenors-Respondents.— Proceeding by a landlord to review a determination of the State Rent Administrator denying its protests to orders of the Local Rent Administrator decreasing, for its failure to paint, the maximum rent of three housing accommodations occupied respectively by the intervenors-respondents as tenants. The landlord appeals from so much of an order as denied the petition as to the intervenors-respondents Murphy and Fried. Order insofar as appeal is taken unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of Marie L. Fetsch et al., Respondents, against Police Justice Court of the Village of Sands Point et al., Appellants.— Appeal from an order prohibiting the Police Justice Court of the Village of Sands Point and the Police Justice from taking any and all proceedings against respondents under an antinoise ordinance of the village. Order reversed, without costs, and proceeding dismissed, without costs. The ordinance is not unconstitutional on its face, and the information against respondents is valid. Any infirmity in the ordinance should be determined only after a trial on the information. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur. [9 Misc 2d 25.]