Memorandum. The order appealed from should be reversed. On the present record, there is insufficient evidence that Mather-son, as an individual, is the “ person ” upon whom responsibility for noise violations is placed by the Town of Babylon Code. Certainly, the licensee, the Oak Beach Inn Corporation, might be held accountable for violations (Babylon Code, § 4-65). However, the only connection established at trial between Matherson and the violations, that he was the sole shareholder and principal officer of the licensee corporation, is insufficient to establish his personal accountability under the ordinance. Since the convictions must be reversed on this ground, we do not reach defendant’s other arguments, and specifically do not pass upon the question of the constitutionality of the instant noise ordinance.
*696 Chief Judge Bbeitel and Judges Gabbielli, Jones, Wachtler, Rabin, Stevens and Wither* concur.
Order reversed and the complaints dismissed in a memorandum.

 Designated pursuant to section 2 of article VI of the Státe Constitution.