Alexander W. Kramer, J.
The defendant is charged in two separate complaints with violations of subdivision L of section 35-2 of the Islip Town Code, the anti-noise ordinance.
Defendant moves to dismiss the accusatory instruments on the grounds that the ordinance in question is unconstitutionally vague and indefinite.
Subdivision L of section 35-2 of the Islip Town Code reads as follows:
“ The following acts, among others, are declared to be loud, disturbing, unusual, unreasonable and unnecessary noises in violation of this ordinance, but any enumeration herein shall not be deemed to be exclusive: * * *
1 L. The operation of any machinery, equipment, pump, fan, exhaust fan, attic fan, air-conditioning apparatus or similar mechanical device in such a manner as to create any unreasonable or unnecessary noise of such unreasonable extent and duration.”
Counsel for the defendant argues that the section is unconstitutional because it is too vague. It is argued that the ordinance does not specify the exact type of behavior which the ordinance seeks to prohibit; that there is no “ objective ascertainable standard ” which conduct can be measured against.
■The town contends that the ordinance is clear and is not vague. It is argued that the meaning of the ordinance is readily understandable and any violation would be a matter of fact to be proven at a trial.
*722 We do not find this ordinance to he too vague and therefore uphold the constitutionality of it.
■Every ordinance, just as every statute, is presumed to be valid and that presumption imposes the burden of proof on the party questioning the validity of the ordinance, and also sustains the ordinance if the propriety of it is fairly debatable (De Sena v. Gulde, 24 A D 2d 166).
'There are few cases dealing with anti-noise statutes or ordinances. In Matter of Fetsch v. Police Justice Ct. of Vil. of Sands Point (9 Misc 2d 25, revd. 7 A D 2d 854) the Appellate Division reversed a Supreme Court order which prohibited the Police Justice Court from proceeding under an anti-noise town ordinance. The Supreme Court held the ordinance to be unreasonable; the Appellate Division said the ordinance was not unconstitutional on its face.
This court has held a Babylon town ordinance, which prohibited the playing of music in such a way that the sound would be audible beyond the property line, or in such a manner that would annoy, disturb, injure or endanger the comfort, repose, health, peace or 'safety of other persons, to be constitutional (People v. Matherson, 64 Misc 2d 680, revd. on other grounds 35 N Y 2d 694).
The Court of) Appeals in People v. Byron (17 N Y 2d 64) upheld the constitutionality of a statute regulating motor vehicle mufflers (Vehicle and Traffic Law, § 375, subd. 31) which said in pertinent part that every motor vehicle must have: “ an adequate muffler in constant operation and properly maintained to prevent any excessive or unusual noise ’ \
Judge Keating, speaking for the court said (p. 67): “It is our opinion that the statute in question states with sufficient clarity the rule' which is to be obeyed. The test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him. iguch warning must be unequivocal but this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.”
We hold that the aforesaid language may well be applied to ' the questioned ordinance. No more objective standard could be reached. The “ state of the arts ’ ’ in dealing with noise problems at this time is such that there is no one measure which could be used. The defendant suggests a decibel level standard. From the limited research this court has done, this would be a useless and certainly inefficient standard (Community Noise *723 [Noise Pollution], 26 Am. J.ur. Proof of Pacts, p. 181). The standard set up by subdivision L of section 35-2 can fairly be interpreted by a “ reasonable man ” and is therefore not unconstitutional for vagueness.
Accordingly, the motion to dismiss must be denied and the matter will proceed to trial.