Frederick D. Dugan, J.
This appeal comprehends the constitutionality of section 23-1 of the Waterloo Village Code and certain procedures before the Waterloo Village Court upon the return of appearance tickets issued after the filing of six informations alleging its violation by respondents.
A so-called "anti-noise” ordinance, section 23-1 of the Code of the Village of Waterloo, a violation, was adopted in 1915 and reads as follows: "No person shall hereafter make or contribute to or aid or assist in making any loud, unusual, annoying or frightful noises in any part of said village.”
In August, 1976, a racetrack in the village limits owned by the Seneca County Fair Association was leased to the corporate respondent to conduct automobile or "stock car” races in September, 1976.
The first race was conducted on September 10, 1976. On the night of the second race, September 18, 1976, six persons residing in the area of the race course, including the intervenor Bruce S. Ike, filed informations with the Village Court alleging the corporate respondent and the individual respondents (its president and secretary) as agents of that corporation were conducting stock car races which created noise and were violating section 23-1. It is also alleged that the individual respondents are the sole shareholders of the corporate respondent. (People v Matherson, 35 NY2d 694.)
Appearance tickets were served upon the respondents returnable before the Village Court on September 24, 1976 when respondents by their attorney moved to dismiss the six informations on the grounds that the language of the noise ordinance was so broad as to be incapable of interpretation and as a consequence should be declared unconstitutional as being in violation of the due process clause of the United States Constitution.
That motion was granted and the six informations dismissed on constitutional grounds.
There was no appearance on behalf of the appellant People. According to the Justice’s return, an oral motion to dismiss the charges due to the unconstitutionality of the ordinance was made after the charge was read to the respondents and *924 they had entered pleas of not guilty. The motion to dismiss was not made in writing or on notice to appellant.
A week after the dismissal, the Village Justice accepted a memorandum of law from the respondents’ attorney "to supplement the court’s record”. No copy of that memorandum of law was served upon the appellant.
It is alleged that prior to the dismissal of the informations, the Village Justice disclosed the existence of an unspecified threat made to a member of his family and assured all present that the threat would have no influence on his decision.
On October 21, 1976, the Waterloo Village Attorney (who was appointed an Assistant District Attorney of Seneca County on October 20, 1976 to present this appeal) served an affidavit of errors alleging that the Village Justice had failed to note in his docket a record of the six informations herein, that he had failed to disqualify himself in spite of the alleged threat to a member of his family, that no notice was given to the appellant of the return of the appearance tickets herein on September 24, 1976 except for reports in the press, that appellant had no opportunity to argue the constitutionality of this ordinance, that the Village Court lacks jurisdiction to make findings of law affecting the validity of village ordinances and that the Village Court erred in holding the ordinance unconstitutional and dismissing the informations filed with the court.
Thereafter, the Justice’s return, apparently prepared by respondents’ attorney, was executed and filed on October 29, 1976.
Prior to the argument of this appeal, this court granted the motion of Bruce S. Ike to intervene and be heard in the appeal, acting in its discretion pursuant to CPLR 1013 on the basis that he was one of the complainants in these proceedings before the Village Court. (Matter of Village of Spring Valley v Village of Spring Valley Housing Auth., 33 AD2d 1037.)
The intervenor-appellant contends that the motion to dismiss must be made in writing and upon reasonable notice to the People (CPL 210.45), that the Village Justice failed to disqualify himself and that he erred in determining the ordinance to be unconstitutional.
Respondents argue that the ordinance is unconstitutional as *925 vague and artfully defend the complained of procedures before the Village Court.
While this case involves the violation of a village ordinance, not a crime, prosecution of such an ordinance is penal in nature and the rules of criminal law are generally applicable. Thus, the ordinance must be sufficiently definite, clear and positive to give unequivocal warning to citizens of the rule which is to be obeyed. All presumptions and intendments favor the validity of the ordinance and mere doubt does not afford sufficient reason for a judicial declaration of invalidity. (People v Byron, 17 NY2d 64.)
Respondents challenge this ordinance on the grounds of. vagueness; that it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. This ground is to be distinguished from the separate challenge of being overbroad; that is, that it violates the constitutional principle that a governmental purpose to control or prevent activities constitutionally subject to State regulations may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms. (People v Dominic, 68 Misc 2d 425, 427.) The challenge of being overbroad is not raised on this appeal.
Dealing with the problem of noise is not new in the law. Holding that sounds of revelry, tumult, shouting, drums and brasses at night which disturbed the sleep of dwellers in the neighborhood was sufficient to sustain a conviction for maintaining a public nuisance (Cardozo, Ch. J., cited Rex v Smith, 2 Strange 704 [1726]): "Long ago it was adjudged that one dwelling in a city who with the aid of a speaking trumpet made great noises in the night time to the disturbance of the neighborhood, must answer to the King.” (People v Rubenfeld, 254 NY 245, 248.)
Considering a village ordinance which made it unlawful for any person to make, continue, or cause to be made or continued any loud, unnecessary or unusual noise or any noise which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of others, within the village limits, the Appellate Division, Second Department, held that ordinance not unconstitutional on its face and noted that any infirmity in the ordinance should be determined only after trial. (Matter of Fetsch v Police Justice Ct. of Vil. of Sands Point, 7 AD2d 854.)
*926 An ordinance proscribing "loud, disturbing, unusual, unreasonable and unnecessary noises” challenged as being too vague has been held constitutional. (Town of Islip v Vollbracht’s Dairy, 80 Misc 2d 721.) The court noted that there are few New York cases dealing with anit-noise statutes or ordinances. (See, Ann, Anti-noise Laws — Validity, 36 L Ed 2d 1042.)
The Waterloo ordinance proscribes "making any loud, unusual, annoying or frightful noises”. These are ordinary terms expressing ideas which find adequate interpretation in common usage and understanding. A reasonable man would be informed of the nature of the acts prohibited, that is, acts making or resulting in such noise.
The ordinance is presumed to be valid. This presumption imposes a burden of proof that respondents have not met and sustains the ordinance if the propriety of it is even fairly debatable. (De Sena v Guide, 24 AD2d 165.)
It is held that section 23-1 of the Code of the Village of Waterloo is not unconstitutional on its face for vagueness.
The Village Court as a local criminal court (CPL 1.20, subd 21; 10.10, subd 3) has jurisdiction to dismiss an information before it, after arraignment, on the grounds that the ordinance defining the violation charged is unconstitutional or otherwise invalid. (CPL 170.30, 170.35.)
However, such a motion must be made in writing and upon reasonable notice to the People with an opportunity for the prosecution to file a written response. (CPL 170.45, 210.45.)
The oral, ex parte application here entertained by the Village Court was error.
It would also be helpful to a court, if not mandated by concepts of fair play and the tradition of advocacy under the common law to afford counsel reasonable oral argument on their papers and when considering a question of constitutional gravity to invite written briefs after argument on a reasonable schedule.
This court is not unmindful of the logistical restrictions imposed on the lay Justice; the informality of his court schedule and the limitation of funds for the operation of his court which curtails the legal representation afforded to him and before his court and his needs for clerical assistance. Conceivably, operating under these limitations may require him to impose upon the prevailing party to prepare the *927 Justice’s return when required, but this is inappropriate. The village board should provide and the court should request funds, personnel and the assistance reasonably required to enable the Village Court to perform efficiently its judicial functions and to make its lawful actions effective.
It is not clear what provisions and expenditures are authorized or made by the Village of Waterloo for prosecution of violations of its ordinances before the Village Court. The District Attorney is under no absolute mandate to prosecute violations of village ordinances. (Matter of Johnson v Boldman, 24 Misc 2d 592.)
The Village of Waterloo may by resolution authorize the Village Attorney or another attorney to prosecute violations of village ordinances providing such attorney is designated as an Assistant District Attorney as required by law. (Village Law, § 20-2006.)
For the reasons stated, the Waterloo Village Court’s orders to dismiss the informations filed against the above respondents by Clemintine Dorn, William Glinski, Bruce Ike, Roger Meadway, David Milliman and Donald Urwin are reversed and the matters are remitted to that Village Court for further proceedings upon each information before the court.
Under the circumstances, the Village Justice J. Richardson, should disqualify himself and future proceedings on the informations presided over by another Justice or Acting Justice of the Village Court, the same to be promptly scheduled by the Village Attorney or other prosecuting attorney (Village Law, § 20-2006) on proper notice to the respondents. Prudence might also suggest the advisability of having a record of these future proceedings herein before the Village Court.