OPINION OF THE COURT
Irving B. Kendall, J.
The defendant is charged with willfully and unlawfully violating chapter 25-1 of the General Ordinances of the City of Mount Vernon by operating a refrigeration unit on a trailer at 10:40 p.m. on July 31, 1978, "causing a loud and disturbing noise thus annoying residents in the area.”
The preamble to the ordinance declares that "the creation of any unreasonably loud, disturbing and unnecessary noise is prohibited” and "noise of such character, intensity and duration as to be detrimental to the life, health or comfort of any individual is prohibited.”
The ordinance then enumerates several specific acts in subdivisions "A” through "J” which the ordinance declares to be loud, disturbing and unnecessary noises in violation of the ordinance and, for good measure, the ordinance states that these enumerated acts shall not be deemed to be exclusive.
Nowhere in the enumerated acts is there a reference to the operation of a refrigeration unit or any mechanical or electronic equipment.
The defendant has moved to dismiss the complaint against him on the ground that chapter 25-1 is, as to him, unconstitutional, because it is too vague and does not prohibit him from operating a refrigeration unit which concededly does make noise.
*576 The city argues that the ordinance is clear and its meaning understandable.
I find that notwithstanding the statement in chapter 25-1 that the enumerated acts are not to be deemed exclusive, they are exclusive and I further find that unless the acts of a defendant come within the purview of these enumerated acts, no prosecution will lie.
The case of Town of Islip v Vollbracht’s Dairy (80 Misc 2d 721) cited by the Corporation Counsel is not in point for the Town of Islip Ordinance contained a provision which is not incorporated in chapter 25-1 of our city ordinance.
I refer to subdivision L of section 35-2 of the Islip Town Code which prohibits: "L. The operation of any machinery, equipment, pump, fan, exhaust fan, air-conditioning apparatus or similar mechanical device in such a manner as to create any unreasonable or unnecessary noise of such unreasonable extent and duration.”
Had this provision been included in chapter 25-1 the defendant would have had notice of the kind of conduct expected of him in the operation of his refrigeration equipment.
While it is true that every ordinance and statute is presumed to be valid and constitutional, that is only a presumption which can be rebutted.
The case against the defendant herein can only be sustained by a tortured reading of chapter 25-1.
If beauty is in the eye of the beholder, whether an act is loud, disturbing and unnecessary would depend on the ear of the listener.
The penalties of the law cannot rest upon subjective guidelines. Nor can the law subject an individual to penal consequences without first informing him of the nature of the offense prohibited and what is required of him.
On its face, the complaint herein, when read together with chapter 25-1, is fatally defective. The ordinance is constitutional but it fails to proscribe the conduct charged to the defendant and therefore is unenforceable against him.
The court notes that chapter 25-1 was last amended by the City Council on December 27, 1967 when it was amended to prohibit the operation of any power lawn mowers or power saw between the hours of 10:00 p.m. and 8:00 a.m.
In the light of the electronic age in which we now find ourselves, another look at the city’s noise ordinances would *577 seem like a good idea, an ordinance which will protect our residents while recognizing the needs of industry.
The defendant’s motion to dismiss the complaint herein is granted.