■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD DIAMOND and ARLINGTON GLASS Co., INC., Appellants.—Appeal by the defendant Bernard Diamond from a judgment of the County Court, Putnam County (Braatz, J.), rendered December 16, 1987, convicting him of violating ECL 71-2705, and appeal by the defendant Arlington Glass Co., Inc. from a judgment of the same court, also rendered December 16, 1987, convicting it of unlawful possession of hazardous wastes in the second degree and unlawful disposal of hazardous wastes in the second degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendants were not deprived of a speedy trial pursuant to CPL 30.30. It is well settled that when an indictment replaces an earlier one in the same criminal action, it should be related back to the original accusatory instrument for the purposes of determining the commencement date of the six-month readiness period imposed by CPL 30.30 (1) (a) and computing the time to be excluded from that limitation under CPL 30.30 (4) (see, People v Sinistaj, 67 NY2d 236; People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351). In the action before us, the initial indictment was filed on July 16, 1986, at which time the statutory period began to run. The People declared themselves ready for trial on the indictment upon which the defendants were ultimately convicted on March 30, 1987, approximately 8½ months later. A computation of the excludable time shows that at least 132 days are excludable due to adjournments requested by the defendants or on consent or motions made by the defendants (see, CPL 30.30 [4] [a], [b]). Excluding this period brings the People well within the six-month period prescribed by CPL 30.30.

We also find that the testimony of Charles Spencer, Alfred Matthews and Michael Oldenberg was sufficiently corroborated pursuant to CPL 60.22 by the defendant Diamond's own statements at trial. As Diamond was only convicted of possessing hazardous waste, his statement that he ordered his employees to dispose of the hazardous waste was sufficient corroboration regarding his exercise of dominion and control over the hazardous waste when it was being disposed (Penal Law § 10.00 [8]; see generally, People v Bretti, 68 NY2d 929).

Looking at the evidence, including the testimony given by Spencer, Matthews and Oldenberg, in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the convictions. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts were not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendants' remaining contentions, including those challenging the propriety of the sentences, and find them to be without merit. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.