■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARY KANTER, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Egitto, J.), dated October 10, 1989, which granted the defendant's motion pur-

suant to CPL 30.30 to dismiss Kings County Indictment No. 8923/88 on the ground that he was denied a speedy trial.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

After various adjournments and motions, the original indictment against the defendant was dismissed on the ground, *inter alia,* that an insufficient number of grand jurors who voted on the true bill had heard the evidence. Subsequently, the court dismissed a second indictment on the ground that the People had failed to announce they were ready for trial within the period prescribed by CPL 30.30. In reaching this conclusion, the court declined to consider whether the delays which occurred during the pendency of the initial indictment were excludable under CPL 30.30 (4), reasoning that the initial indictment had been dismissed as jurisdictionally defective. We agree with the People that the second indictment should not have been dismissed.

In *People v Bantum* (133 AD2d 699), this court stated that "the period between the filing of the complaint and the filing of the second indictment is not automatically chargeable to the People, even though the first indictment was dismissed based upon an alleged jurisdictional defect". Thus, although the initial indictment in this case was arguably dismissed as jurisdictionally defective, the court still should have considered whether the delays prior to the second indictment were excludable under CPL 30.30 (4) *(see, People v Sinistaj,* 67 NY2d 236; *People v Newton,* 120 AD2d 751).

In fact, the record indicates that virtually all the delays that occurred prior to the dismissal of the original indictment were excludable as the result of defense motions or adjournments *(see,* CPL 30.30 [1]; *People v Meierdiercks,* 68 NY2d 613; *People v Kopciowski,* 68 NY2d 615; *People v Worley,* 66 NY2d 523). When those periods are excluded, it is evident that the People announced their readiness for trial within the prescribed time period *(see, People v Missirian,* 154 AD2d 625; *People v Brown,* 136 AD2d 715). Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.