■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ROSARIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered December 19, 1988, convicting him of criminal possession of stolen property in the third degree and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The car owned by Jennie Vaughn was reported stolen to the police on August 7, 1987. The car was found three days later and the criminal action against the defendant was commenced by the filing of an accusatory instrument, a felony complaint, on August 11, 1987. On August 13, 1987, Jennie Vaughn's daughter, Pamela Vaughn, went to the Kings County District Attorney's office and signed her mother's name to an affidavit concerning the stolen car. The next day the prosecutor handling this case presented the affidavit and a police officer to the Grand Jury which voted to indict the defendant on the charges that were read to them. The People announced their readiness for trial on November 19, 1987.

It was not until February 22, 1988, that the prosecutor learned that Pamela Vaughn had misrepresented herself as her mother and had signed her mother's name to the affidavit that was later presented to the Grand Jury. The court dismissed the first indictment on the People's motion, and the People filed a second indictment on March 29, 1988. The People again announced their readiness on May 9, 1988.

The defendant moved to dismiss the second indictment pursuant to CPL 30.30. After a hearing, the court determined

that the 95-day period between November 19, 1987, and February 22, 1988, was not chargeable to the People. As a result, only 153 days were chargeable to the People between August 11, 1987, when the original accusatory instrument was filed, and May 9, 1988, when the People made the second announcement of readiness.

The defendant contends that the action should have been dismissed because the People failed to comply with the speedy trial limitations of CPL 30.30. We disagree for two reasons. The purpose of this statute is to eliminate unjustified delays, to impose upon the People a standard of diligence and blamelessness, and to provide a disincentive for delay *(see, People v Bratton,* 103 AD2d 368, *affd* 65 NY2d 675). As the hearing court determined in this case, the defect that existed, namely, Pamela Vaughn's misrepresentation, was not due to the People's negligence or fault. Blame cannot be assessed against them for not discovering the defect earlier than February 22, 1988. Therefore, we find that the 95-day period at issue was not chargeable to the People.

The 95-day period is excludable for a second reason. It is well settled that when an indictment replaces an earlier one in the same criminal action, it is related back to the original accusatory instrument for the purposes of determining the commencement date of the six-month readiness period imposed by CPL 30.30 (1) (a) and for computing the time to be excluded from that six-month limitation under CPL 30.30 (4) *(see, People v Sinistaj,* 67 NY2d 236; *People v Kanter,* 173 AD2d 560). The period from November 19, 1987 to February 22, 1988, was excludable as a result of the defendant's pretrial motions and adjournments *(see,* CPL 30.30 [4]; *People v Kanter, supra).* Accordingly, when this period is excluded it is clear that the People's second announcement of readiness was within the prescribed time period *(see, People v Missirian,* 154 AD2d 625). Thompson, J. P., Sullivan, Rosenblatt and O'Brien, JJ., concur.