OPINION OF THE COURT
Robert G. Bogle, J.
Motion of the defendants, by counsel, to dismiss the actions before this court on the grounds of a violation of speedy trial under CPL 170.30 (1) (e) is determined as hereinafter provided.
The three summonses were each first returnable before this court on May 18, 1994, and June 15 and 29, 1994. The defendants were charged with violations of the Village Zoning Law, alleging automobile repair work in violation of the code. During the many months that followed negotiations were held between the Village Prosecutor and the defendant, who was pro se at the time. The court records indicate at all times the matter was adjourned on the consent of both sides or at the *191 defendant’s request. When counsel appeared on this matter in late September 1994, a motion was made returnable for October 27, 1994. The People submitted their response on January 27, 1995. The People also submitted superseding information. The defense counsel responded on February 2, 1995 with a reply affirmation. By the end of February, the court rendered a decision and order denying the motion.
The defendant now moves on the grounds the speedy trial period on violations, which is 30 days, has now expired and the charges must be dismissed. (CPL 30.30 [1] [d]; People v Luperon, 85 NY2d 71 [1995].)
A court may exclude speedy trial time for delay caused by pretrial motion practice. (CPL 30.30 [4] [a].) It was deemed as excusable time period where the motion was made by the defendant and was not responded to by the People for 95 days. (People v Rosario, 176 AD2d 830 [2d Dept 1991].) In Rosario, the Court determined that under the circumstances the delay was reasonable, notwithstanding the fact the indictment was eventually dismissed with leave to re-present. (People v Rosario, supra.)
In the case at bar, this court finds the delay reasonable. Like most Village Justice Courts, this court does not meet on a daily basis, but only one night a week. It is reasonable, therefore, that certain time limits that exist in the superior courts cannot be adhered to in a local Justice Court. The court notes the defendant was provided with an opportunity to respond to the prosecutor’s opposing papers, and no prejudice resulted from the delay. Accordingly, this court in its discretion shall exclude the pretrial motion period from speedy trial time considerations. (People v Inswood, 180 AD2d 649 [2d Dept 1992], lv denied 79 NY2d 1002 [1992].)
Lastly, the court notes that the superseding informations filed by the prosecutor relate back to the original charges, and as said are timely filed under the statute. (People v Sinistaj, 67 NY2d 236 [1986]; People v Diamond, 147 AD2d 708 [2d Dept 1989].)
Accordingly the motion of the defendant is denied in its entirety. In accordance with CPLR 2219 (a) the court considered the notice of motion, defense counsel’s affirmation and exhibits attached as well as the reply affirmation of the Village Prosecutor.
This matter shall be scheduled for trial on May 10, 1995.