OPINION OF THE COURT
Thomas F. Liotti, J.
This case first appeared on the court’s arraignment calendar on June 21, 1995. The defendant appeared pro se and answered *94 ready. The People were represented by Donal Mahoney, Esq., Deputy Village Prosecutor, and Michelle DePew, Building Superintendent for the Incorporated Village of Westbury. The People answered that they were not ready to proceed.
The defendant was charged with various alleged violations of the Zoning Code of the Incorporated Village of Westbury, including maintaining an illegal multiple dwelling. The People indicated that they had no prior notice that they were required to be ready for trial on June 21, 1995. Furthermore, the People indicated that certain photographs of the premises would not be developed until later in the day on June 21, 1995. Accordingly, the People answered they were not ready and requested that the case be adjourned until July 20, 1995 for trial. The defendant did not consent to the adjournment. (See, CPL 30.30 [4] M.)
One of the most important rights that every defendant in a criminal prosecution is guaranteed of is the "right to a speedy and public trial.” (US Const 6th Amend.) This right is intended to ensure fair and humane treatment of accused individuals. The constitutional right to a speedy trial is a fundamental right guaranteed by the United States Constitution Sixth Amendment, and is applied to the States through the Due Process Clause of the Fourteenth Amendment. (Dickey v Florida, 398 US 30; Klopfer v North Carolina, 386 US 213; Matter of Dora P., 68 AD2d 719 [1979]; see also, People v White, 81 AD2d 486 [1981], cert denied sub nom. Williams v New York, 455 US 992.) Additionally, although the New York Constitution does not contain a speedy trial clause, the New York constitutional guarantee of due process may be applied in ways that provide defendants broader protection than the Federal Constitution. There are three main values protected by the right to a speedy trial: "It protects the accused, if held in jail awaiting [sic] trial, against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and * * * it prevents him from being 'exposed to the hazard of a trial, after so great a lapse of time’ that 'the means of proving his innocence may not be within his reach’ ” (People v Prosser, 309 NY 353, 356 [1955]; see also, US v Ewell, 383 US 116 [1966]). More importantly, the constitutional right to a speedy trial which looks to the length of time between the commencement of the action against the defendant and commencement of trial applies to all offenses.
*95 The right to a speedy trial is also guaranteed statutorily. The general statutory right to a speedy trial is governed by CPL 30.20 (1) which states that "after a criminal action is commenced, the defendant is entitled to a speedy trial.” Analogous to the constitutional right, it applies to all offenses, without exception. The right to a speedy trial is not expressed in quantitative terms. As the Court of Appeals observed, "what amounts to an undue delay [is] 'not fixed by the statute in days or months’ [but depends] 'upon the circumstances of each particular case’ ” (People v Prosser, supra, 309 NY, at 357).
CPL 30.30 correlates with the statutory right to a speedy trial. This provision, which was enacted in 1972, deals with one aspect of the speedy trial problem, extensive pretrial incarceration. This statute attempts to eliminate unjustified prosecutorial delay by requiring the People to announce their readiness for trial within a certain amount of time after the action is commenced against the defendant. The important dates, then, are the date of commencement of the action (People v Osgood, 52 NY2d 37 [1980]) and the date on which the prosecution announces its readiness for trial. (People v Kendzia, 64 NY2d 331 [1985].) If the People fail to meet the prescribed deadlines, CPL 30.30 provides two remedies. For the incarcerated defendant, there is a requirement of immediate release (see, CPL 30.30 [2]). After a longer period of unexcused delay, the statute authorizes a motion to dismiss the criminal action, and dismissal must be granted by the court (see, CPL 30.30 [1]). This second remedy applies regardless of whether the defendant is incarcerated.
CPL 30.30 sets forth specific time limitations within which the prosecution must declare that they are prepared for trial which vary according to the level of the offense charged. The statute does not, however, require that the trial actually begin within that time period. CPL 30.30 does not apply to all offenses. It excludes certain homicide offenses from its general coverage of felonies (see, subd [3]), and its coverage of noncriminal offenses (see, subd [1] [d]; subd [2] [d]) does not include traffic infractions. The conclusion that traffic infractions are excluded is derived from the fact that the provisions dealing with noncriminal offenses apply only if at least one of the offenses charged in the accusatory instrument is a "violation” (see, subd [1] [d]; subd [2] [d]). The Penal Law states clearly that a traffic infraction is not a "violation” (see, Penal Law § 10.00 [1], [3]).
A violation of a municipal ordinance is to be considered a criminal offense, as opposed to a civil offense and, as a conse *96 quence, the same principles of criminal procedure should apply. The goal of criminal law which is to prevent harm to the health, safety, morals and welfare of society is accomplished by punishing those who have done harm and by threatening with punishment or rehabilitating those who would do harm to others. Thus, a violation of a municipal ordinance should be labeled criminal, especially where the ordinance provides for the possibility of imprisonment as a punishment. As the court emphasized in People v Waterloo Stock Car Corp. (89 Misc 2d 922, 925 [1977]) prosecution for a violation of a village ordinance is "penal in nature and the rules of criminal law are generally applicable”. Furthermore, criminal proceedings are authorized and may be resorted to against one who violates a village zoning ordinance. (People v Giorgi, 16 NYS2d 923 [1939].) Village Law § 20-2Ó06 provides in pertinent part: "1. The board of trustees of a village may enforce obedience to its ordinances * * * as follows * * * by prescribing therefor that for each violation it shall constitute a violation pursuant to the penal law.” Additionally, even the language of a municipal violation is more nearly criminal than civil. The defendant is asked to plead "guilty” or "not guilty”, he is "convicted” or "acquitted”, he is "sentenced” to fine or imprisonment.
In the case at bar, the alleged violations of the Zoning Code of the Incorporated Village of Westbury are to be considered criminal offenses. The penalties for violating the Zoning Code of the Incorporated Village of Westbury include: for conviction of a first offense, a fine of not less than $100 nor more than $1,000 or by imprisonment for a period not to exceed 15 days, or both; for a conviction of a second offense, both of which offenses were committed within a period of five years, a fine of not less than $1,000 nor more than $2,500 or by imprisonment for a period not to exceed 15 days, or both; and for a conviction of a third or subsequent offense, all of which offenses were committed within a period of five years, a fine of not less than $2,500 nor more than $10,000 or by imprisonment for a period not exceeding 15 days, or both. (Code of Village of Westbury § 50-220.3 [A].) Consequently, the principles of criminal procedure apply and the defendant should be afforded the same procedural safeguards to which he would be entitled in a criminal prosecution.
Thus, CPL 30.30 (1) (d) is to be applied to the case at bar. Therefore, the time from June 21, 1995 through July 20, 1995 is chargeable to the People (29 days). As per CPL 30.30 (1) (d), the court finds that the People must be ready for trial within *97 "[30] days of the commencement of [the] action.” The court file reveals that the defendant was served with an appearance ticket on May 24, 1995, commanding his appearance on June 21, 1995, at which time the defendant did appear. A supporting deposition was filed on June 1, 1995. CPL 30.30 (5) (b) provides that: "[w]here a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears.”
Accordingly, the court finds, sua sponte, that 29 calendar days will lapse since the defendant’s appearance on June 21, 1995 and the scheduled trial date of July 20, 1995. The prosecution of the defendant is thus not barred by CPL 30.30. The trial previously scheduled for July 20, 1995, shall proceed. The case has been marked peremptorily against the People.