OPINION OF THE COURT
Steven G. Leventhal, J.
In an appearance summons dated January 17, 2011, it was charged that on April 11, 2010, at 466 Charles Avenue (the premises), the defendant violated section 248-31 (work for which permit is required; application procedure), section 345-16 (uses permitted in residential districts) and section 154-28 (change of occupancy) of the Code of the Village of Massapequa Park, by changing the use of a one-family dwelling unit to a two-family dwelling unit without approval. The 2011 summons was returnable on January 25, 2011.
On January 19, 2011, a date prior to the return date of the 2011 summons, the People filed a duly sworn information with the clerk of this court made by Village Building Inspector Garet Lamb.[1] In the information, Mr. Lamb alleged that on April 11, 2010, at the premises, he witnessed the defendant commit the violations charged
“based on the presence of a kitchen sink and associated plumbing in the second living area, the presence of upper and lower base kitchen cabinets in the second living area, the presence of gas stove piping in the second living area and the presence of a full bath in the second living area without permits.”
The defendant moves to dismiss on the grounds that the Building Inspector lacked personal knowledge because he was not admitted to the premises, and did not perform an inspection on the date of the alleged violation. These facts are set forth in an affirmation by counsel, and are not themselves based on the personal knowledge of the affirmant. Nevertheless, the extent *864 of the Building Inspector’s knowledge is an issue to be resolved at trial. Similarly, the Building Department records submitted by the People to support their claim that the defendant performed certain work at the premises without a permit is evidence addressed to the merits of the charges and is more appropriately reserved for trial.
The defendant further moves to dismiss on the grounds that the information filed on January 19, 2011 is insufficient, and that the prosecution of this charge is barred by the order of this court dismissing a prior appearance summons issued to the defendant.
Previously, in an appearance summons issued on April 28, 2010, it was charged that on April 11, 2010, the defendant violated Local Law No. 6 of 2008, codified as chapter 189, article I (illegal occupancies), §§ 189-1 through 189-6 of the Code of the Village of Massapequa Park, by permitting the premises, a one-family dwelling unit, to be occupied as a two-family dwelling unit without approval. In a decision rendered from the bench on December 10, 2010, this court dismissed the 2010 summons, stating that
“[t]he court acquires jurisdiction by the filing of an accusatory instrument, in this case — an information. The court does not acquire jurisdiction by the mere issuance or filing of an appearance ticket. See, People v Consolidated Edison, 161 Misc 2d 907 (NY Co. Crim. Ct. 1994). The accusatory instrument must be filed by the return date of the appearance ticket. Id. The failure to file a sufficient information is a non-waivable jurisdictional defect. People v Alejandro, 70 NY2d 133 (1987).
“An information must conform with the requirements of CPL § 100:15, and must contain allegations of fact establishing reasonable cause to believe the defendant committed the offense charged. CPL § 100.40 (1) (a) (b); People v Cea, 141 Misc 2d 234 (City Crim. Ct. 1988). Non-hearsay allegations must be set forth in the factual portion of the information which establish, if true, every element of the offense charged and the defendant’s commission of that offense. CPL § 100.40 (1) (c); People v Hall, 48 NY2d 927 (1979).”
The 2010 summons was dismissed because the Building Inspector’s undated information was devoid of factual allegations. Rather, it parroted the charge as set forth in the 2010 *865 summons — that is, that the defendant “changed [the] use of [a] one family [dwelling] to [a] two family [dwelling] without approval.”
Here, although different code sections were alleged to have been violated by the defendant and the bases of the charges were set forth in a more detailed information, the People seek to re-prosecute the defendant for substantially the same conduct allegedly committed on the same date (there, “permitting” the premises to be used as a two-family dwelling; here, “changing” the use of the premises from a one-family dwelling to a two-family dwelling) and for other related misconduct requiring the same proof (failure to obtain a building permit for certain improvements).
The prior dismissal for insufficiency of the information was not a dismissal on the merits and, therefore, double jeopardy did not attach. (See People v Key, 45 NY2d 111 [1978].) However, this re-prosecution of the defendant constitutes a form of “continuity of a criminal action.” (See People v Lomax, 50 NY2d 351, 356 [1980]; People v Osgood, 52 NY2d 37 [1980].)
A defendant who appears in response to an appearance summons, but whose first criminal proceeding is dismissed pursuant to CPL 150.50 (1) for failure to file a sufficient information on or before the return date may subsequently be re-prosecuted; but the later prosecution will “relate back” to the date of his first appearance for speedy trial purposes. (See People v Stirrup, 91 NY2d 434 [1998]; People v Sinistaj, 67 NY2d 236, 239 [1986].)
The right to a speedy trial applies in a prosecution for violation of a local law. (People v Vancol, 166 Misc 2d 93 [West-bury Just Ct 1995]; People v Zulli, 165 Misc 2d 190 [Valley Stream Just Ct 1995].)
In an opinion to the contrary, one village court concluded that the violation of a local law was not an “offense” for purposes of the statutory right to a speedy trial conferred by CPL 30.30 (1) (d) if the local law authorizes the imposition of a fine only, and does not authorize the imposition of a sentence of incarceration. (See People v Kleber, 168 Misc 2d 824 [Muttontown Just Ct 1996].)[2]
Unlike the defendant in Kleber, the defendant here is charged *866 with violations that carry the potential for substantial fines and imprisonment for a term not to exceed 15 days. Code of the Village of Massapequa Park § 1-15 (A) (penalties) provides, in pertinent part, that
“(1) Whenever in this Code or in any local law of the Village any act is prohibited or is made or declared to be unlawful or an offense or a violation or whenever in this Code or any local law the doing of any act is required or the failure to do any act is declared to be unlawful, an offense or a violation, and where no specific penalty is provided therefor, the person, firm or corporation who or which violates the same shall be subject to punishment as follows:
“(a) First offense: by a fine not less than $250, not to exceed $2,000, or by imprisonment not exceeding 15 days, or both.
“(b) For a second offense within three months after a first offense: by a fine not less than $500, not to exceed $3,000, or by imprisonment not exceeding 15 days, or both.
“(c) For a third offense within three months of a second offense, which took place within three months of the first offense: by a fine not less than $1000, not to exceed $5,000, or by imprisonment not exceeding 15 days, or both.”
Here, the defendant actually appeared in the prior proceeding and was not chargeable with the failure of the People to file a sufficient information. For speedy trial purposes, this proceeding is deemed to have commenced on the return date of the 2010 summons, May 18, 2010. (See Consolidated Edison.)
This court conducts a single day session of conferences and trials, and two night arraignment sessions per month. Delays resulting from the court’s limited schedule, and those attendant to the briefing and determination of defendant’s motions to dismiss cannot be reasonably charged to the People. As Justice Bogle stated in People v Zulli: “Like most Village Justice Courts, this court does not meet on a daily basis, but only one night a week. It is reasonable, therefore, that certain time limits that *867 exist in the superior courts cannot be adhered to in a local Justice Court.” (165 Misc 2d at 191.)
Nevertheless, even excluding all of the time that elapsed during the entire pendency of the two consecutive prosecutions, more than 30 days of time chargeable to the People had elapsed from the date of the dismissal of the 2010 summons, December 10, 2010, until the date on which the 2011 summons was issued, January 17, 2011 (an event entirely within the control of the People).
The court is presented with two consecutive prosecutions charging different code violations based on the same and related conduct alleged to have occurred on a single day, and therefore has determined that the prosecutions are a single continuous prosecution for speedy trial purposes. The court notes that illegal occupancies and building code violations may pose a serious threat to public safety. Such violations, if ongoing, may give rise to repeated prosecutions in village court for ongoing violations continuing on different dates, or enforcement action by other government agencies. The court does not here reach the result that would obtain if the defendant were to be re-prosecuted for alleged violations based on the same or similar conduct occurring on a different date or dates, either based on observations made at an inspection voluntarily permitted by the defendant, based on observations made at an inspection conducted pursuant to a properly issued and executed search warrant, or based on the rebuttable presumptions established by Village Code § 189-4.
For the reasons stated, appearance summons No. 3121 is dismissed. All arguments not specifically addressed in this order are rejected as lacking in merit.

. Although he was not identified as Village Building Inspector in the information, Mr. Lamb was so identified in the appearance summons.

. The Kleber court does not appear to have considered Penal Law § 55.10 (designation of offenses) which provides, in pertinent part, that
“[a]ny offense defined outside this chapter which is not expressly designated a violation shall be deemed a violation if:
*866 “(a) Notwithstanding any other designation specified in the law or ordinance defining it, a sentence to a term of imprisonment which is not in excess of fifteen days is provided therein, or the only sentence provided therein is a fine . . ..” (Penal Law § 55.10 [3] [a].)