OPINION OF THE COURT
Hancock, Jr., J.
Under this court’s decisions in People v Lomax (50 NY2d 351) and People v Osgood (52 NY2d 37), an indictment which replaces an earlier one in the same criminal action should be related back to the original accusatory instrument for the purpose of determining the commencement of the six-month readiness period imposed by CPL 30.30 (1) (a). The question on this appeal is whether such an indictment should be related back as well for the purpose of computing excludable time under CPL 30.30 (4). We hold that it should be.
On November 20, 1981, a felony complaint was filed charg *238 ing defendant with criminal possession of a weapon in the third degree under Penal Law §265.02 (4) and other related crimes. On December 3, 1981, an indictment was filed containing those charges. Several months later, on July 13, 1982, the People obtained a second indictment which replaced the weapon possession count of the original indictment and charged defendant with criminal possession of a weapon in the third degree under Penal Law § 265.02 (1). This second indictment was obtained after the People realized that defendant, who had been accused of possessing the firearm in his office, had mistakenly been indicted under a provision of the Penal Law specifically excluding possession in a "place of business”. The second indictment, albeit charging defendant with a crime under the same Penal Law section, based on the same criminal transaction and involving the possession of the same weapon, contained an additional element not included in the first indictment — i.e., that defendant had previously been convicted of a felony. On August 20, 1982, the People answered ready for trial on the record and, several weeks later, on September 29, 1982, defendant moved for dismissal of both indictments on the ground that the People had failed to satisfy the requirements of CPL 30.30.
Supreme Court, calculating delays in excess of six months chargeable to the People, dismissed both indictments. On appeal, the Appellate Division unanimously modified Supreme Court’s order by reinstating the first indictment and affirming the dismissal of the second. The court held that certain periods of delay had been erroneously charged to the People and that, excluding such periods, the six-month time limitation had not been violated with regard to the first indictment.[1] It held, however, that these same excludable periods of time were "simply inapplicable” to the second indictment inasmuch as that indictment had not even been filed within six months of the original felony complaint. (Ill AD2d, at p 43.) Noting that seven months had passed between the time of that complaint and the second indictment, the court concluded that the People could not possibly have satisfied the ready-for-trial requirements of CPL 30.30 and, therefore, that Supreme Court’s dismissal of the second indictment had to be affirmed. The People appeal to this court from the latter portion of the Appellate Division’s order, and we now reverse. *239 CPL 30.30 requires that the People be prepared to proceed to trial within six months, plus excludable time, from the commencement of the criminal action. The statute does not address problems involving speedy trial rights or due process in a constitutional sense. Rather, it is purely a statutory "readiness rule”. It was enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial, and its provisions must be interpreted accordingly (see, People v Anderson, 66 NY2d 529, 535; People v Worley, 66 NY2d 523, 527; Bellacosa, Practice Commentary, McKinney’s Cons Law of NY, Book 11 A, CPL 30.30, pp 148-149; compare CPL 30.20). With this in mind, our analysis of the question here is simplified.
Consistent with the legislative intent to limit the prosecutor’s time for trial readiness, we held in People v Lomax (50 NY2d 351, supra) that a new indictment, returned after the original one had been dismissed, should be related back to the commencement of the criminal proceeding for purposes of the six-month readiness period under CPL 30.30 (1) (a). We reasoned that there "can be only one date which marks the 'commencement’ of [a criminal] action” for the purposes of CPL 30.30, "the date on which the first accusatory paper is filed” (id., at p 356; see also, CPL 1.20 [17]). This is so, we said, "notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action” and even despite "the issuance of successive indictments” (id., at p 356). Applying this reasoning in People v Osgood (52 NY2d 37, supra), we came to a similar conclusion with respect to an indictment which had been returned sometime after the original felony complaint had been dismissed for the People’s failure to proceed with a felony hearing.
We perceive no logical reason why, when a subsequent indictment is related back to the commencement of the proceeding for purposes of applying the six-month limitation prescribed by CPL 30.30 (1) (a), it should not also be related back for the purpose of computing the time to be excluded from that limitation.[2] A contrary holding — treating the subsequent indictment as part of the original criminal action for *240 imposing the time limit under CPL 30.30 (1) (a), but not permitting the applicable exclusions under CPL 30.30 (4)— would offend the accepted rule of construction that all parts of a statute should be read together to determine the fair meaning of the whole (McKinney’s Cons Laws of NY, Book 1, Statutes §§97, 98). It would, in effect, afford different treatment to a subsequent indictment under subdivision (4) than that given under subdivision (1) (a). Such fragmenting of the statute in its application should be avoided. As we have recently emphasized, CPL 30.30, which should be implemented as one integral statutory scheme, must be interpreted "so as to harmonize its various provisions” (People v Anderson, supra, at p 535).
Moreover, a rule that succeeding indictments are not to be related back to the commencement of the criminal action for computing excludable time would have consequences which do not further the aim of CPL 30.30 and could not have been contemplated by the Legislature. Contrary to defendant’s contentions, the effect of such a rule would be to establish an arbitrary six-month cut-off period beyond which a replacement or superseding indictment could not be returned — even one based on evidence revealed for the first time after the six-month period. It is not suggested that such a result would be reasonable or could have been intended by the Legislature in adopting CPL 30.30. Indeed, the rule would render ineffective the provisions of CPL 200.80 which specifically permit the People to seek "another indictment” in the same criminal action, "any time before entry of a plea of guilty to an indictment or commencement of a trial thereof’.[3] Again, the canons of statutory construction would be violated (see, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 97, 98).
Contrary to defendant’s arguments, our construction of CPL 30.30 to require that all excludable periods must be deducted from the "total time” (People v Lomax, supra, at p 357), starting with the filing of the accusatory instrument (CPL 1.20 [16], [17]), is entirely consistent with the purpose of CPL 30.30 as a prosecutorial readiness rule. Nor is the construction *241 unfair to defendant. The District Attorney remains entitled to but one six-month readiness period. The issuance of a successive indictment neither affords him additional excludable time nor does it renew, toll, or in any way supplement that single, six-month limitation which always commences to run upon the filing of the initial accusatory instrument.
Here, application of the excludable periods of time to the second indictment, as well as to the first, requires that the motion to dismiss be denied. The Appellate Division’s computation of excludable time, which is not challenged on this appeal, reduces the "total time” within which the People became ready for trial under the second indictment to less than the six-month statutory limitation. Hence, the People satisfied the ready-for-trial requirements of CPL 30.30.[4]
Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, and indictment No. 2646/ 82 reinstated.

. Defendant’s application to this court for leave to appeal from that portion of the Appellate Division’s order was denied.

. In People v Lomax (50 NY2d 351) and People v Weirich (49 NY2d 1020, affg 65 AD2d 932) we affirmed orders which gave effect to excludable periods of time permitted by CPL 30.30 (4) in computing the six-month time limits under CPL 30.30 (1) (a) as applied to succeeding indictments. No question concerning this application of CPL 30.30 (4) was raised and we address it here for the first time.

. The rule would produce another anomaly. Under CPL 30.30 (4) (a) the time during which the court is considering a pretrial motion, including a motion to dismiss the indictment, is excludable. Under the rule adopted by the courts below, if a motion to dismiss the indictment were made within the six-month period, but not decided until after the six months had elapsed, no effect could be given to subdivision (4) (a) and the new indictment would be untimely.

. Our decision here that the new indictment should be related back for purposes of giving effect to the excludable periods under CPL 30.30 (4) is dependent on our treatment of the indictment as one that is “directly derived” from the first accusatory instrument and must therefore be considered under Osgood and Lomax as part of the original action. Unless the new indictment is "directly derived” from the first accusatory instrument it is, of course, not related back for purposes of CPL 30.30 (1) (a) (cf. People v Osgood, 52 NY2d 37, 43-44; CPL 1.20 [16]).