■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIMAS RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered October 31, 1989, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent terms of from 2 to 6 years and 1 year, respectively, unanimously affirmed.

Defendant moved to dismiss the indictment pursuant to CPL 210.30, on the ground that the evidence before the grand jury was insufficient, in that the police officer had testified, and the laboratory report indicated, that defendant had possessed cocaine, whereas the prosecutor erroneously instructed the grand jury on possession of *heroin.* Defendant also moved to dismiss the indictment on speedy trial grounds, based solely on the fact that, due to the error in presenting the case to the grand jury, the People could not have been actually ready for trial.

The court granted dismissal with leave to resubmit pursuant to CPL 210.45, and held the speedy trial motion in abeyance. On July 18, 1989, a new indictment was voted. On July 27, defendant renewed his speedy trial motion. The renewed motion was denied on the basis of *People v Sinistaj* (67 NY2d 236).

In *People v Sinistaj* (67 NY2d 236, *supra),* the People realized that defendant had mistakenly been indicted for possession of a weapon in the third degree under Penal Law § 265.02 (4), and obtained a second indictment charging possession under Penal Law § 265.02 (1). It was held that *(supra,* at 239), "We perceive no logical reason why, when a subsequent indictment is related back to the commencement of the proceeding for purposes of applying the six-month limitation prescribed by CPL 30.30 (1) (a), it should not also be related

back for the purpose of computing the time to be excluded from that limitation." The court so held despite the dissent's objection that the second indictment charged distinct crimes different from that charged in the first indictment.

Even if, as defendant argues, *Sinistaj (supra)* is somehow distinguishable, because the indictment was defective, nevertheless, he has not demonstrated any particular time period which must be excluded. Even where the indictment is defective, a defendant may "waive * * * the delay in the proceedings by requesting or consenting to them." *(People v Worley,* 66 NY2d 523, 527.) Concur—Sullivan, J. P., Milonas, Ellerin, Kassal and Smith, JJ.