OPINION OF THE COURT
Martin Marcus, J.
On January 6, 1993, the defendant was indicted by the Grand Jury of Bronx County for crimes arising from three different criminal incidents. In connection with an incident alleged to have occurred on September 29, 1992, the defendant was charged with two counts of murder in the second degree *284 and one count of burglary in the first degree. In connection with each of the two others, which were alleged to have occurred on August 29, 1992, and October 14, 1992, the defendant was charged with burglary in the first degree and related crimes. In his initial omnibus motion, the defendant sought severance of some counts of the indictment from others, without indicating which counts he was requesting be separately tried. In a decision dated September 20, 1993, I initially found the joinder proper under both CPL 200.20 (2) (b) and (c), and denied the defendant’s severance motion.
Thereafter, the defendant, represented by an attorney other than the one who filed the omnibus motions, sought reargument of the severance motion. In his new motion, he specified that counts one through three, which concerned the September 29, 1992, incident, should be tried separately from the charges relating to the incidents of August 29 and October 14, 1992. I granted the defendant’s motion for reargument, and on October 17, 1994, an order was entered in which I granted the defendant’s severance application. On January 23, 1995, trial of the first three counts of the indictment began, and February 7, 1994, the jury returned its verdict, convicting the defendant of one count of murder in the second degree and one count of burglary in the first degree.
On January 6, 1995, prior to the commencement of that trial, the defendant filed the present motion, which seeks dismissal on statutory speedy trial grounds of those counts of the indictment related to the August 29 and October 14, 1992, incidents. On February 27, 1995, the People filed their response to the defendant’s motion.[1] In between, new counsel entered the case on the defendant’s behalf, and a decision was delayed in part to afford the defendant’s new attorney time to review the motion.
In his motion, the defendant recognizes that until the severance motion was granted, because of the murder charges included in his indictment, CPL 30.30 (3) (a) exempted the People from the speedy trial obligations set forth elsewhere in CPL 30.30. The defendant argues, however, that once the severance was granted, CPL 30.30 (3) (a) had no application to the counts of the indictment relating to the October 14, and August 29, 1992, incidents, and that all prosecutorial delay, *285 including that which occurred prior to the entry of the severance order, must be charged to the People. Alleging that the total of that delay exceeds six months, he insists that the remaining counts of the indictment must be dismissed.[2] The People oppose the defendant’s motion, arguing that at worst, the only delays which may be charged to them are those unexcused delays occurring after entry of the severance order.
The People point out that CPL 30.30 (3) exempts from statutory speedy trial requirements any "criminal action” in which a defendant is accused of homicide.[3] CPL 1.20 (16) provides that a criminal action: "(a) commences with the filing of an accusatory instrument against a defendant in a criminal court * * * (b) includes the filing of all further accusatory instruments directly derived from the initial one, and all proceedings, orders and motions conducted or made by a criminal court in the course of disposing of any such accusatory instrument * * * and (c) terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case.” In People v Osgood (52 NY2d 37, 44 [1980]), the Court of Appeals applying to the term "directly derived” its ordinary meaning of being traceable to originating from, held that an indictment charging the defendant with the same crimes contained in a previously dismissed felony complaint was "directly derived” from the complaint. (See also, People v Colon, 76 AD2d 805 [1st Dept 1980] [commencement date for speedy trial purposes of count of superseding indictment charging conspiracy, which was not included in original charges, was same as for counts previously charged]; People v Ramkisson, 114 Misc 2d 535 [Sup *286 Ct, NY County 1982] [indictment including crimes charged in felony complaint was "directly derived” from complaint even though it included other crimes].)
In People v Lomax (50 NY2d 351, 356 [1980]) the Court interpreted CPL 1.20 (17) to mean that "there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action.” The same must be true here, where the accusatory instrument is neither replaced nor superseded, but merely divided for purposes of trial. Thus, even if the severed counts are treated as an accusatory instrument separate from that in which the murder charges are included, the severed counts are "directly derived from the initial [accusatory instrument]”, and they remain a part of the "criminal action” initiated when the above-captioned indictment was filed.[4] Because that "criminal action” was one in which the defendant was accused of murder in the second degree, it appears that CPL 30.30 (3) exempts the People from the statutory obligation to be ready to try the severed counts within six months, whether calculated from the filing of the original indictment or from the filing of the severance order.
Given that the murder charges have not only been ordered to be tried separately, but have already been separately tried, the conclusion that CPL 30.30 has no application to the untried severed counts seems, in the word of one commentator, "paradoxical.”[5] Indeed, it may well not have been a result intended by the Legislature. Even assuming, however, that a statutory speedy trial obligation does exist, it is certainly not the one for which the defendant argues.
Subdivision (5) of CPL 30.30 provides that certain specified events alter the speedy trial requirements applicable to a *287 pending charge. If, for example, a defendant has pleaded guilty in full satisfaction of an accusatory instrument, or if the trial of an accusatory indictment has commenced within the time permitted by CPL 30.30, the People have met the speedy trial obligations applicable to that accusatory instrument. Thus, CPL 30.30 (5) (a) provides that when a plea of guilty is withdrawn, or when a mistrial is declared, or when a new trial is ordered following an appeal or a collateral attack on a judgment of conviction, the time in which the People are required to be ready for trial begins to run anew when the order permitting the plea to be withdrawn or ordering the new trial becomes final. (See, e.g., People v Davis, 195 AD2d 1 [1st Dept 1994] [withdrawal of plea of not responsible by reason of mental disease or defect].)
A different issue arises if, for one reason or another, the level of the charges against the defendant changes, and the period of unreadiness permitted for the new and lesser charge is shorter than that permitted for the former and greater one. This may occur, for example, when the initial accusatory instrument is converted to one charging a lesser degree offense, or when charges in an indictment are reduced following inspection of the Grand Jury minutes by the court, and a new indictment is filed including the lesser charges. In such circumstances, the time for readiness begins to run from the date of the filing of the new accusatory instrument, and the length of time is determined by the charges in the new accusatory instrument. (CPL 30.30 [5] [c]-[f].) This new beginning, however, is subject to a proviso which, generally speaking, limits the People to a total period of unexcused delay, occurring before and after the filing of the new instrument, no greater than that which would have been permissible had the new instrument not been filed and the charges not been reduced. (CPL 30.30 [5] [c], [d].)[6]
CPL 30.30, however, makes no provision for a situation like the present one, in which murder and other crimes are *288 charged together in a single indictment, and some of those other crimes are severed from the murder charges for trial. Here, of course, no guilty plea was entered on any of the charges in the indictment, and no trial was begun. Thus, nothing occurred to discharge the People of any delay chargeable to them prior to the time the severance was ordered. Treating the severance order as having created two new indictments in place of the original one, the situation here would be more analogous to that in People v Lomax (50 NY2d 351, supra). In that case the Court of Appeals held that an indictment which replaces an earlier one in the same criminal action "relates back” to the filing of the original accusatory instrument for purposes of determining the commencement of the six-month readiness period imposed by CPL 30.30 (1) (a). (See also, People v Osgood, 52 NY2d 37, supra.)
In this case, however, even if the severed counts are "related back” to the date when the indictment was filed, it is evident that until the severance order was entered, no delay was chargeable to the People. In People v Sinistaj (67 NY2d 236 [1986]), the Court of Appeals held that when a subsequent indictment is "related back” to the commencement of the proceeding, the exclusions applicable under CPL 30.30 (4) are "related back” as well. Thus, periods of delay are excludable if, for example, they are attributable to other proceedings concerning the defendant (CPL 30.30 [4] [a]), or to adjournments granted at the defendant’s request or with the defendant’s consent (CPL 30.30 [4] [b]). Here, however, there is no need to consider whether any delays occurring prior to the entry of the severance order should be excused pursuant to CPL 30.30 (4). Until entry of that order, CPL 30.30 (3) exempted the People from any statutory obligation of readiness concerning any of the counts in that indictment, including those counts at issue here, since the indictment was one in which the murder counts were then included. (People v Johnson, 38 NY2d 271, 278-279, n 3 [1975]; People v Rodriguez, 81 AD2d 840 [2d Dept 1981].)
The defendant would retroactively require the People to have announced their readiness to try the severed counts even before the severance order was filed, treating those counts as if they had never been joined with the murder charges. Perhaps an argument for such a retroactive approach might be made if, when the indictment was first returned, those counts relating to the September 20, 1992, incident had not been properly joined with those relating to the incidents of *289 August 29, and October 14, 1992. (Compare, People v Gelfand, 131 Misc 2d 268 [Sup Ct, Kings County 1986] [where indictment was void ab initia because of lack of a quorum, the prosecution was charged with entire time during pendency of that indictment until the filing of new indictment], with People v Finger, NYLJ, Jan. 19, 1995, at 31, col 3 [Sup Ct, Richmond County] [presence of unauthorized person during Grand Jury proceeding, resulting in dismissal of first indictment, is insufficient to require all time relating to first indictment be charged to the People in regard to the second indictment].)
Here, though, the severance motion was not granted because the counts severed from one another were improperly joined. Although I did find the three burglaries lacked a sufficiently unique modus operandi to permit joinder pursuant to CPL 200.20 (2) (b), I did not depart from that portion of my original decision in which I held joinder was appropriate pursuant to CPL 200.20 (2) (c) because the burglary charges were "defined by the same or similar statutory provisions.” Nonetheless, I severed the counts pursuant to CPL 200.20 (3), finding that the defendant had demonstrated that severance was necessary in the interest of justice and for good cause shown. Thus, the severance was a discretionary one, which was granted despite the fact that the counts of the indictment had originally been joined on a basis authorized by law.
In any case, nowhere else in CPL 30.30 has the Legislature taken the retroactive approach for which the defendant has argued, even in situations in which it might more reasonably have done so. Consider, for example, the filing of an accusatory instrument based upon evidence which is sufficient to support only a lesser offense, one for which the People are required to be ready for trial in a shorter period. The argument could be made that when a new instrument is filed including the lesser charge, the People should derive no benefit from having brought the greater charge without an evidentiary basis to support it, and that speedy trial period should be calculated from the date the original instrument was filed, applying the more demanding standard of readiness applicable to the lesser charge. The Legislature, however, chose not to penalize the People by such a retroactive calculation. Instead, it was content to permit the People to be in as good a speedy trial position as they would have been had the charge not been reduced and the new instrument not been *290 filed.[7] In this case, in which the People had a lawful basis for joining in one indictment the counts relating to all three incidents, there is no reason to place them in any worse a position than they would have been had they obtained an indictment including a homicide count without any evidentiary basis for doing so.
Accordingly, if the severed counts are at all subject to the statutory speedy trial obligations, at best they require that the People be charged only with any unexcused delay occurring on or after October 17, 1994, when the severance order was filed. Less than six months have elapsed between the entry of the severance order and the filing of the defendant’s motion on January 6, 1995. Indeed, less than six months have elapsed between the entry of the severance order and now. Thus, there is no occasion to consider what periods of delay since October 17, 1994, are chargeable to the People, and the defendant’s motion is summarily denied.

. The People sought and obtained permission to postpone their response to the defendant’s speedy trial motion until after the conclusion of trial of those counts relating to the September 29, 1992, incident.

. The defendant claims specifically that the period of time from January 6, 1993, when the indictment was filed, to April 13, 1993, when he was arraigned on the indictment, is included within this unexcused delay, as well as an additional three days that the court’s notes reflect constitute delay attributable to the People, and an uncertain "period of two months prior to filing of this motion excluding motion time and consent adjournments.” The People do not respond to the defendant’s assertions that they were not ready for trial within six months of the filing of the initial accusatory instrument, they maintain that he has misapprehended when their time within which to be ready for trial commenced.

. CPL 30.30 (3) (a) provides that, "[sjubdivisions one and two [of this section] do not apply to a criminal action wherein the defendant is accused of an offense defined in sections 125.10, 125.15, 125.20, 125.25, and 125.27 of the penal law.” Subdivision (lj of CPL 30.30 requires the People to be ready for trial within "six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony.”

. In this matter, the indictment was the first accusatorial instrument filed against the defendant, who, at the time it was returned, was already in custody on an unrelated matter.

. See Preiser, Practice Commentaries (McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, at 173-174 [1992]), observing that, "Another paradoxical result would occur in the improbable event that a [homicide charge] is reduced to a misdemeanor, and the indictment charges no other felony. Here a delay between the two indictments triggering the exception and consequent return to application of the original period would yield a situation where there is no § 30.30 time limit, notwithstanding the fact that the indictment no longer charges any such felony.” Professor Preiser, however, urges a legislative remedy to this problem, rather than a judicial one.

. When a count in an indictment is reduced following court inspection, and a new instrument containing the reduced charge is filed thereafter, the maximum period of unexcused delay is calculated by adding to the unexcused delay after the new instrument is filed only that part of the prior unexcused delay that occurred after the filing of the original indictment. Any unexcused delay between the filing of the felony complaint and the filing of the original indictment is excluded for this purpose. (CPL 30.30 [5] [e].) Concerning the anomalies resulting from this exclusion, see Preiser, Practice Commentaries (op. cit.).

. In fact, when a count in an indictment is reduced by the court because the evidence before the Grand Jury is legally insufficient to support it, and the People thereafter file a new indictment which includes the charge to which that count has been reduced, the Legislature has placed the People in a somewhat better speedy trial situation than they would have been had the evidence before the Grand Jury been legally sufficient, and no new indictment been filed. (See, n 6, supra.)