◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SULIN CAJIGAS, Respondent. [638 NYS2d 458] —Order, Supreme Court, Bronx County (Gerald Sheindlin, J.), entered on or about January 20, 1995, which granted the prosecution's motion for reargument of the order, same court and Justice, entered on or about December 1, 1994, dismissing indictment No. 6644/92 pursuant to CPL 30.30, and, upon reargument, adhered to its prior decision, and dismissed superseding indictment No. 8926/94 on the same grounds, unanimously reversed, on the law, and the indictments reinstated.

This is an appeal from an order which, upon reargument, adhered to a decision dismissing an indictment charging defendant with, *inter alia*, robbery in the first degree, on the grounds that the prosecution had exceeded the time allotted to it by CPL 30.30 in which to be ready for trial.

The prosecution does not dispute that 136 days were properly charged to it, including its concession concerning the 5 day period from February 24, 1994 until March 1, 1994, which was the length of an adjournment actually requested by the prosecutor. In addition, we find that the 1 day adjournment requested by the prosecution on January 10 to secure the presence of a police officer who was scheduled to testify should have been charged to the prosecution (*People v Fields*, 214 AD2d 332, 333).

Furthermore, we find that the entire 42 day period between October 28, 1993 and December 9, 1993 should have been charged to the prosecution, rather than just the initial 8 days of this period, which were, as the prosecution concedes,

properly included. Where the record is, as here, silent as to the length of time sought by the prosecutor for a post-readiness adjournment, the entire period is includible despite the filing of a certificate of readiness in the intervening period (*see, People v Reid*, 214 AD2d 396, 397; *People v Betancourt*, 217 AD2d 462).

However, we find that other crucial periods should have been excluded. First, as to the period from September 17, 1992 to October 22, 1992, we find that the court improperly charged these 35 days to the prosecution based on its finding that the prosecution's declaration of readiness on September 17, 1992 was "illusory" because the indictment upon which the prosecution had stated its readiness had been superseded. Inasmuch as the defendant had not yet been arraigned on the superseding indictment at the time the prosecution answered ready, the original indictment, even though charging defendant with the same offenses charged in the superseding indictment, did not have to be dismissed, and was not dismissed, until the defendant was arraigned on the superseding indictment (CPL 200.80; *see also, People v Bowman*, 84 NY2d 923). Thus, since the original indictment was still valid at the point the prosecution declared readiness, that declaration was effective. Moreover, since a superseding indictment relates back to the commencement of the criminal proceeding under the original indictment for computation of excludible time (*People v Sinistaj*, 67 NY2d 236), the period at issue was excludible.

In addition, we find that the court should not have charged the period from March 2, 1994 to March 25, 1994 to the prosecution. During this post-readiness period, the prosecution is chargeable only with the length of adjournment which it actually sought, i.e., from February 24, 1994 to March 1, 1994, and not with the additional time granted by the court in response to the defense request for an adjournment in excess of that sought by the prosecution. This is so regardless of whether the defense would have sought an adjournment had the prosecution been ready to proceed immediately.

Moreover, the motion court properly excluded the period from February 11, 1993 to March 11, 1993 as attributable to motion practice and properly declined to reach a different result as to the 6 day period which defendant argues should have been chargeable to the prosecution because of its delay in handing over to the defense the defendant's Grand Jury testimony. At most, this delay constituted a discovery violation, and a lesser corrective action was available to defendant (*see, People v Anderson*, 66 NY2d 529, 535).

Furthermore, we reject defendant's argument that the 28 day period from September 30, 1993 to October 28, 1993 and the 32 day period from December 9, 1993 to January 10, 1994 were improperly excluded. We note that, before the motion court, defendant relied solely on the argument that the prosecutor had admitted to not being ready at these calendar calls. In fact, the record reveals that the prosecutor answered ready for trial, and an adjournment was then granted without further discussion on the record. Regardless of whether defendant's argument on his motion was sufficient to preserve for our review his current contentions, they should be rejected. Where the prosecution, as here, establishes that it made an unequivocal statement of current readiness on the record at the calendar call, and defense counsel stood silent, the prosecution has satisfied its burden of establishing that the delay caused by an ensuing adjournment was not attributable to it (*cf., People v Liotta,* 79 NY2d 841, 842).

For these reasons, we find that the prosecution was chargeable with 171 days, which is within the 184 days allotted to it (CPL 30.30 [1] [a]; [4]) and that defendant's motion to dismiss should, therefore, have been denied. Concur—Ellerin, J. P., Kupferman, Ross, Williams and Tom, JJ.