■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALAN SANASIE, Respondent. [656 NYS2d 240] —Order, Supreme Court, Bronx County (Lawrence Tonetti, J.), entered on or about December 12, 1995, which, *inter alia*, granted defendant's motion to dismiss Indictment No. 2019/95 pursuant to CPL 30.30, unanimously reversed, on the law, the motion denied and the indictment reinstated.

There was sufficient continuity between the first indictment, which charged defendant with criminal possession of a weapon in the second, third and fourth degrees, reckless endangerment in the first degree and two counts of attempted burglary in the first degree, and the second indictment, charging him with attempted murder in the second degree, to relate the second

indictment back to the first for the purposes of computing excludable time periods pursuant to CPL 30.30 (*see, People v Sinistaj*, 67 NY2d 236), including those periods that were excluded based on the People's declaration of readiness (*see, People v Terry*, 225 AD2d 306, *lv denied* 88 NY2d 886; *People v Cajigas*, 224 AD2d 370, *lv denied* 88 NY2d 845; *People v Rodriguez*, 178 AD2d 174, *lv denied* 79 NY2d 1006). Although the second indictment did not supercede or replace the first, the charge brought in the second indictment arose from the identical incident as those brought in the first. Under these circumstances, the fact that the second indictment charged a different crime based upon an alternative theory and contained different elements does not preclude a finding of continuity (*People v Sinistaj, supra*). Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.