OPINION OF THE COURT
Herbert I. Altman, J.
Defendant moves to dismiss count two of the indictment pur *64 suant to CPL 30.30 (1).
Defendant was arrested on April 24, 1996 in connection with the death of Richard Han. A felony complaint, commencing the action for speedy trial purposes (see, CPL 30.30 [1] [a]; 1.20 [17]; People v Lomax, 50 NY2d 351, 356), was filed the next day. Defendant (in indictment No. 3552/96) and others were subsequently charged with murder in the second degree. On February 26, 1998 he was arraigned on a superseding indictment consisting of two counts. Count one is identical to the murder count contained in the first indictment. A new second count charges him with hindering prosecution in the first degree in connection with allegations that he rendered criminal assistance to another individual who was involved in the commission of the murder. Defendant now moves to dismiss this new count pursuant to CPL 30.30 (1), correctly noting that more than six months have passed since the action against him commenced.
Had there only been one indictment and had count two, a nonhomicide count, been part of it from the very beginning, that count would not be subject to dismissal pursuant to CPL 30.30 (1). Subdivision (3) (a) of that statute states that subdivisions (1) and (2) (which provide for dismissal of the indictment and release of the defendant from custody, respectively, where the People are not ready for trial within specified time periods) “do not apply to a criminal action wherein the defendant is accused of’ various homicides, including murder in the second degree. The question remains whether the rule is any different where a homicide indictment is superseded by a second homicide indictment which contains, in addition to the homicide count, a new nonhomicide count.
People v Lomax (supra) and People v Osgood (52 NY2d 37) made clear that, as there is only one criminal action for any set of charges, there can only be one date upon which an action commences. No matter how many times an indictment is superseded, the commencement date for speedy trial purposes remains the date on which the initial accusatory instrument was filed. Not only does the commencement date relate back in this fashion, but the computation of excludable time does as well (People v Sinistaj, 67 NY2d 236, 239). “The period of time excludable with respect to the charges in the original indictment are therefore also excludable with respect to those charges in the superseding indictment” (People v Terry, 225 AD2d 306, 307; see, People v Varlack, 181 AD2d 420). Further, *65 as long as the superseding indictment can be said to be part of the same “criminal action” as the superseded indictment, it relates back to the first for the purposes of computing excludable time, regardless of whether the successor indictment charges a new crime (see, People v Sinistaj, supra; see also, People v Sanasie, 238 AD2d 186).
The rationale behind the rule enunciated in Sinistaj was that there was “no logical reason why, when a subsequent indictment is related back to the commencement of the proceeding for purposes of applying the six-month limitation prescribed by CPL 30.30 (1) (a), it should not also be related back for the purpose of computing the time to be excluded from that limitation” (People v Sinistaj, 67 NY2d, supra, at 239). A contrary holding, continued the Court, would offend the accepted rule of construction that all parts of a statute be read together to determine the fair meaning of the whole. Further, it would afford different treatment (in the case of a subsequent indictment) to subdivision (4), the provision dealing with excludability, from that afforded subdivision (1) (a), the provision establishing when an action begins. Fragmenting the statute in this manner, concluded the Court, should be avoided. That being the case, the same arguments require that the superseding indictment also relate back to the initial indictment for subdivision (3) (a) purposes. If so, as the first indictment against the defendant contained a homicide count, the nonhomicide count in the new indictment is not subject to dismissal under CPL 30.30 (1) provided that the initial and superseding indictments are parts of the same criminal action (see also, People v Steele, 165 Misc 2d 283).
The issue thus turns on whether the superseding indictment is encompassed within the same criminal action as the first indictment. “Criminal action” is defined in CPL 1.20 (16) as follows: “A criminal action (a) commences with the filing of an accusatory instrument against a defendant in a criminal court * * * (b) includes the filing of all further accusatory instruments directly derived from the initial one * * * and (c) terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case” (emphasis added).
As noted in People v Osgood (supra, at 44), the term “directly derived” is not defined anywhere in the CPL. That Court, in holding that an indictment charging an individual with the same crimes contained in a previously dismissed felony complaint was directly derived from it, applied the ordinary, dictio *66 nary meaning to the phrase. Derived means no more than “traced” or “originating from”. Under this standard, the indictment before me is directly derived from that which it superseded, notwithstanding that it contains a count not found in its predecessor (see, People v Sinistaj, supra; People v Colon, 76 AD2d 805; People v Sanasie, supra). Count two, therefore, is not subject to dismissal pursuant to CPL 30.30 (1). Accordingly, defendant’s motion is denied.