THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL STONE, Appellant. (Appeal No. 1.) [697 NYS2d 212] —Judgment unanimously affirmed. Memorandum: In appeal No. 1, defendant appeals from a judgment of County Court convicting him after a bench trial of two counts of sodomy in the third

degree (Penal Law § 130.40 [2]), and one count each of attempted sodomy in the third degree (Penal Law §§ 110.00, 130.40 [2]), endangering the welfare of a child (Penal Law § 260.10 [1]) and attempted sexual abuse in the third degree (Penal Law §§ 110.00, 130.55). Those five counts stem from indictment No. 305/96, which superseded counts one through four of indictment No. 840/95. In appeal No. 2, defendant appeals from a judgment following the same trial of one count of endangering the welfare of a child (Penal Law § 260.10 [1]) under indictment No. 840/95. We reject defendant's contention that the court erred in refusing to dismiss the indictments based on the People's failure to satisfy the requirements of CPL 30.30. A felony complaint was filed against defendant on July 21, 1995. The People announced their readiness for trial with respect to the first indictment on December 1, 1995, within the six-month period (see, CPL 30.30). Because it was subsequently discovered that one of the child witnesses who testified before the Grand Jury was in fact unsure of the dates of the alleged incidents, a second presentment was made. A second indictment was filed on April 22, 1996. On that date, the first four counts of the prior indictment were dismissed and defendant was arraigned on the second indictment, which added one count not appearing in the first indictment and expanded the dates of the alleged incidents. At the arraignment under the second indictment, the People again declared readiness for trial. The People's announcement of readiness for trial with respect to the first indictment satisfied CPL 30.30 with respect to the two remaining counts in that indictment. It also satisfied the People's obligation with respect to the second indictment (see, People v Jones, 185 AD2d 655, lv denied 81 NY2d 888; People v Marsh, 127 AD2d 945, 947, lv denied 70 NY2d 650) because the second indictment was " 'directly derived' " from the felony complaint as reflected in the first indictment (People v Sinistaj, 67 NY2d 236, 241, n 4). We reject defendant's contention that the addition of a new count and the expansion of the dates of the alleged incidents in the second indictment rendered the People's initial declaration of readiness ineffective. The crimes charged in both indictments were based upon several groups of acts "so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident" (CPL 40.10 [2] [a]; see, People ex rel. Greenstein v Sheriff of Schenectady County, 220 AD2d 190, 193). Even assuming, arguendo, that the charges were separate and distinct, we conclude that defendant's contention is unavailing because the six-month readiness period began to run with respect to those charges with the filing

of the second indictment (*see, People v Dearstyne,* 230 AD2d 953, 955, *lv denied* 89 NY2d 921, 1034).

Defendant failed to preserve for our review his contention that the evidence is insufficient to sustain his convictions (*see, People v Gray,* 86 NY2d 10, 19). In any event, that contention lacks merit. The court did not abuse its discretion in permitting one of the children to testify under oath (*see,* CPL 60.20 [2]; *People v Wilcox,* 185 AD2d 676, *lv denied* 80 NY2d 977), and the other child's testimony was not incredible as a matter of law (*see, People v Steele,* 168 AD2d 937, 938-939, *lv denied* 77 NY2d 967). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Bristol, J.—Sodomy, 3rd Degree.) Present—Green, J. P., Pine, Wisner, Callahan and Balio, JJ.