■ The People of the State of New York, Respondent, v Welnner Bello, Also Known as Wellner Bello, Appellant. [808 NYS2d 164]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., on speedy trial motion; Edwin Torres, J., at jury trial and sentence), rendered March 25, 2003, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years, 12½ to 25 years and 3½ to 7 years, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to concurrent terms of 7½ to 15 years, 7½ to 15 years and 3½ to 7 years, and otherwise affirmed.

The motion court properly denied defendant's speedy trial motion with regard to the possession counts that were added by way of a superseding indictment filed approximately a year after the original indictment, which only contained a sale count. The court correctly found that only 116 days were chargeable to the People on the possession counts. The superseding indictment related back to the original indictment date with respect to excludability of time periods (*see People v Sinistaj,* 67 NY2d 236 [1986]; *People v Lomax,* 50 NY2d 351 [1980]). The two

indictments dealt with the same criminal transaction (*see People v Stone,* 265 AD2d 891 [1999], *lv denied* 94 NY2d 907 [2000]; *People v Sanasie,* 238 AD2d 186 [1997]; *People v Dearstyne,* 230 AD2d 953 [1996], *lv denied* 89 NY2d 921 [1996]), and the superseding indictment was "directly derived" (CPL 1.20 [16]) from the original accusatory instrument.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. Defendant's accessorial liability (*see People v Kaplan,* 76 NY2d 140 [1990]) was established by evidence warranting the conclusion that he held a supervisory position in a sophisticated street-level drug operation, in which prospective customers were brought before him for his approval or disapproval.

Although the trial court inexplicably denied defendant's request that the jury be instructed that the sale count required the People to prove that he knowingly and unlawfully sold cocaine to Yelitza Perez, the error was harmless. Notably, this request was made for the first time after summations and after the court had completed its charge. Moreover, considering the entire record, including the summation arguments, we are satisfied that the jury could not have entertained the notion that defendant was charged under this count with selling cocaine to anyone other than Perez. In this regard, we note as well that the jury never asked for clarification of the law on the sale count but did ask for clarification on the two possession counts.

The challenged portions of the People's summation generally constituted fair comment on the evidence made in response to defense arguments, and the summation did not deprive defendant of a fair trial (*see People v Overlee,* 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro,* 184 AD2d 114 [1992], *lv denied* 81 NY2d 884 [1993]). In particular, the prosecutor was entitled to argue that defendant was the manager of a drug-selling operation at the time and place of his arrest, since this was a fair inference from the record. The prosecutor never suggested that the operation was any larger in scale than the evidence indicated.

We find the sentence excessive to the extent indicated.

We have considered and rejected defendant's remaining claims. Concur—Marlow, J.P., Ellerin, Williams, Catterson and McGuire, JJ.