■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ISIDORE FARKAS, Respondent. [885 NYS2d 311]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (McKay, J.), dated July 31, 2008, as granted that branch of the defendant's motion which was to dismiss counts one, two, three, four, seven, and eight of the indictment pursuant to CPL 30.30.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, the defendant's motion to dismiss counts one, two, three, four, seven, and eight of the indictment is denied, those counts of the indictment are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

On August 18, 2005, in the Borough Park section of Brooklyn, the defendant observed the complainant inspecting and photographing a construction site that the defendant owned. The defendant confronted the complainant and, after the complainant attempted to walk away, the defendant allegedly punched him in the face. A few minutes later, the police issued a desk appearance ticket (hereinafter DAT) to the defendant in connection with the incident. On September 26, 2005, the defendant appeared in Criminal Court and signed the DAT postponement log as the People had not yet filed an accusatory instrument. It is undisputed that, by reason of the defendant's appearance in court on September 26, 2005, the action is deemed to have commenced on that date (*see People v Stirrup*, 91 NY2d 434, 439 [1998]).

On October 27, 2005, a misdemeanor complaint was filed, charging the defendant with menacing in the third degree (*see* Penal Law § 120.15), harassment in the second degree (*see* Penal Law § 240.26 [1]), and assault in the third degree (*see* Penal Law § 120.00 [1]). After several adjournments in Criminal Court and the People's assertion of readiness for trial, an indictment was filed based on the same incident, charging the defendant with robbery in the first, second, and third degrees (*see* Penal Law § 160.15 [1]; § 160.10 [2] [a]; § 160.05), petit larceny (*see* Penal Law § 155.25), assault in the second and third degrees (*see* Penal Law § 120.05 [1]; § 120.00 [1]), grand larceny in the fourth degree (*see* Penal Law § 155.30 [5]), criminal possession of stolen property in the fourth degree (*see* Penal Law § 165.45 [1]), and menacing in the third degree (*see* Penal Law § 120.15).

The theft-related counts were predicated on an allegation that, in addition to assaulting the complainant, the defendant had forcibly taken his camera. The defendant moved to dismiss those counts, arguing that they were filed more than six months after the defendant had appeared on the DAT and, because the theft-related counts were not directly derived from the originally filed misdemeanor charges, any earlier assertion of readiness by the People and any finding that previous delays were excludable under CPL 30.30 did not apply to the newly charged theft-related offenses. The People opposed the motion, arguing only that there were sufficient excludable periods from the commencement of the action to deny the motion and that those excludable periods and the People's statement of readiness were applicable to the theft-related charges as well. The Supreme Court agreed with the defendant, and it dismissed the theft-related charges pursuant to CPL 30.30. We reverse.

The theft-related counts were based on the same incident, and many of the same acts, including the use of force, originally charged in the misdemeanor complaint. Consequently, the statement of readiness and the excludable periods pertaining to the original accusatory instrument applied to the theft-related charges as well (*see People v Sinistaj*, 67 NY2d 236, 239, 241 n 4 [1986]; *People v Bello*, 24 AD3d 236, 236-237 [2005]; *People v Brickley*, 306 AD2d 551, 553 [2003]; *People v Stone*, 265 AD2d 891, 892 [1999]; *People v Sanasie*, 238 AD2d 186, 186-187 [1997]; *People v Rosario*, 176 AD2d 830, 831 [1991]). When that statement of readiness and the excludable periods are considered, the People were ready to proceed within the six months required on all of the charges in the indictment (*see* CPL 30.30 [1] [a]).

In light of our determination, we do not reach the People's alternative argument for reversal which, in any event, was not raised in the trial court. Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.