People v Milio (2022 NY Slip Op 51430(U))

[*1]

People v Milio

2022 NY Slip Op 51430(U)

Decided on September 6, 2022

City Court Of Yonkers

Best, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 6, 2022
City Court of Yonkers

The People of the State of New York, Plaintiff,

against
Brian Milio, Defendant.

Docket No. CR-1150-22 

Westchester County District Attorney
Yonkers Branch
104 South Broadway 
Yonkers NY 10701
Anthony Mattesi, P.C.
1 North Broadway, Suite 412
White Plains, NY 10601

Karen N. Best, J.

The following papers numbered 1 to 7 were read and considered on defendant's motion to (1) invalidate the People's Certificate of Compliance ("COC") and Statement of Readiness, pursuant to CPL § 245; (2) dismiss all counts in the misdemeanor information, pursuant to CPL § 245 and CPL § 30.30; or in the alternative (3) impose the sanction of preclusion for the People's failure to disclose discovery materials; and/or (4) issue a protective order, pursuant to CPL § 245.
Papers Numbered
Notice of Motion and Affidavits Annexed 1
Order to Show Cause and Affidavits Annexed
Affirmation in Opposition 2
Summons and Complaint
Replying Affirmations/Affidavits 3
Filed Papers 5,6,7
Misdemeanor Information 4
Memorandum of Law
Defendant's motion to invalidate the People's Certificate of Compliance ("COC") and Statement of Readiness due to the People's failure to comply with CPL § 245.20(1)(k) is hereby granted. Defendant's motion to dismiss all counts in the misdemeanor information, pursuant to CPL § 245 and CPL § 30.30 is denied as the People are charged with eighty-four (84) days and [*2]have ninety (90) days to be ready for trial on a misdemeanor. 
This Court directs the Yonkers Police Department to answer all questions on the form titled "Westchester County District Attorney's Office Police Witness 1K Questions." (hereinafter "(1)(k) form"). The People are directed to use due diligence and make reasonable inquiries to obtain the missing information, pursuant to CPL § 245.20(1)(k). The People are to provide all items of discovery, specifically addressed in this Decision, to defense counsel upon receipt of this Decision and Order. Defendant is entitled to make additional motions should the People fail to turn over the required discovery.
Factual Background
On February 18, 2022, defendant was charged with Assault in the Third Degree, pursuant to PL § 120.00. On May 10, 2022, the People filed a COC and declared their readiness for trial.
In this case, Police Officer Jeffrey Carreira, spoke to both the complaining witness and defendant on February 10, 2022, the day of the incident. See People's Opposition pg. 2. The People list Officer Carreira in their COC as a potential law enforcement witness and turned over a (1)(k) form. Question 6 on the form states: "Is the witness aware of any administrative, personnel or civilian complaints implicating the witness's honesty and integrity." The officer declined to answer this question as an "X" is placed over the number "6."
Defense counsel filed a letter, dated May 25, 2022, with the Court and District Attorney's office objecting to the People's COC. Thereafter, defendant filed the instant motion. The People opposed defendant's motion and defendant submitted a reply.
Discussion of CPL § 245.20(1)(k)
The People are required to " disclose to the defendant all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control " CPL § 245.20. The only item of discovery at issue in this matter falls under CPL § 245.20(1)(k)(iv):
 ...(k) All evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to:

 ...(iv) impeach the credibility of a testifying prosecution witness 

Defendant relies upon Matters of Certain Police Officers to Quash a So-Ordered Subpoena Duces Tecum which specifically held police officers are required to answer all questions contained in the (1)(k). Matter of Certain Police Officers to Quash a So-Ordered Subpoena Duces Tecum, 67 Misc 3d 458, 465 (Westchester County Ct. 2020). The Court stated:
Given the potential impeachment material being sought by the 1k questions, together with the requirement for a free flow of information between the prosecutor and the police, and the duty upon the prosecutor to make a diligent, good faith effort to obtain the required impeachment material (see People v. Garrett, 23 NY3d at 887 citing Kyles v. Whitley, 514 U.S. 419, 437 (1995)), the court finds that the practice of asking the police witness 1k questionnaire and the questions contained therein, are appropriate and in accord with the underlying philosophy and purpose of CPL 245.
Matter of Certain Police Officers, 67 Misc 3d at 468. 
The Court also stated,
 ...it would be inconceivable to imagine that the legislature did not intend for the free [*3]flow of information requirement contained within CPL 245.55 to impose a burden upon the police to participate in the exchange of information. This is particularly true considering the purpose of the legislation was to promote openness, fairness, and efficiency. None of those goals could be accomplished without the unbound cooperation of law enforcement.
Matter of Certain Police Officers, 67 Misc 3d at 469. The Court held that police officers could not rely on Civil Rights Law § 50-a by declining to answer the questions. Thereafter, Civil Rights Law § 50-a was repealed re-enforcing the decision in Matter of Certain Police Officers. The People's discovery obligations are exactly the same before and after the repeal of CRL § 50-a and include the requirement that officers answer all the (1)(k) form questions. See People v. Williams, 2022 WL 3350631, at *3 (Queens County Sup. Ct., 2022).
Validity of the COC
The People shall not be deemed ready for trial for purposes of CPL § 30.30 until they have filed a proper COC. CPL § 245.50(3). In order to find the COC proper, this Court must be satisfied that, " after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery " the People filed the COC in good faith and it was reasonable under the circumstances. CPL § 245.50(1); People v. Perez, 75 Misc 3d. 1205(A) (Bronx County Crim. Ct. 2022); People v. Quinlan, 71 Misc 3d 266 (Bronx County Crim. Ct. 2021) citing People v. Adrovic, 69 Misc 3d 563 (Kings County Crim. Ct. 2020).
If any known discoverable materials are not exchanged prior to the filing of the COC, the prosecution must demonstrate how due diligence was exercised with regard to those items not exchanged. People v. Perez, 75 Misc 3d. 1205(A) (Bronx County Crim. Ct. 2022). Neither a claim of good faith nor an absence of bad faith, standing alone, can exempt the People from these requirements. Id. 
Here, Police Officer Jeffrey Carreira declined to answer question six (6) as an "X" was placed over the number "6." If Officer Carreira had answered question six (6) in the negative, the inquiry would have ended, the People would have fulfilled their discovery obligations, and the People would have no obligation, or reason, to obtain, by subpoena or otherwise, the personnel records under this scenario. Matter of Certain Police Officers, 67 Misc 3d at 469.
However, when an officer answers a question in the affirmative, the People "... then must decide how to proceed with obtaining the specific information underlying the witness' answer and disclosing that information to the defense in accordance with their obligations under CPL 245.20(1)(k)(iv)." Matter of Certain Police Officers, 67 Misc 3d at 470—71; People v. Martinez, 75 Misc 3d 1212(A) (NY Co. Crim. Ct. 2022).
This Court finds that when an officer refuses or declines to answer a question, the People have a duty to inquire further and must not simply accept the officer's refusal in answering. Here, the People discuss at length the Westchester District Attorney's Office overall efforts to comply with their discovery obligations to prepare for the January 1, 2020 new discovery laws, including but not limited to, disclosure under CPL § 245.20(1)(k). See People's Opposition, pg. 4-8. The People also concede that Matter of Certain Police Officers "... found that Civil Rights Law § 50-a [now repealed] did not shield officers from answering the full questionnaire. See People's Opposition, pg. 7. 
In this matter specifically, the People made "general demands" and sent "follow-up [*4]letters and emails" to the Yonkers Police Department for discovery materials. See People's Opposition, pg. 8 (Exhibits 1-2). Although the People requested discovery materials, they concede "Officer Carreria completed the first five questions on the form but refused to answer question six. (Exhibit 4)." See People's Opposition, pg. 8. The People fail to state what reasonable inquiries were conducted to obtain the missing (1)(k) information after the officer's refusal to complete the (1)(k) form. 
For instance, did the People check their internal records or inquire of the police department rather than the individual officer? Did the People encounter any impediments to obtaining the information or to ascertain the existence of the information prior to filing their COC? See People v. Martinez, 75 Misc 3d 1212(A) (NY County Crim.Ct. 2022); People v. Morissette, 75 Misc 3d 1230(A) (Monroe Co. Ct. 2022). 
In addition, the People do not allege the information or underlying records are difficult to obtain. Rather they allege defendant has failed to prove any (1)(k) information even exists. However, whether the defense can pursue other avenues of disclosure, does not relieve the People of their obligation to provide these records. People v. Porter, 71 Misc 3d 187, 191 (Bronx Co. Crim.Ct. 2020).
Here, the People's opposition fails to demonstrate that due diligence was exercised, specifically what steps were taken, to obtain the missing (1)(k) information after Officer Carreria refused to complete the questionnaire. The People merely accepted Officer Carreria's refusal to answer question six (6). Conclusory assertions of due diligence, without specific details are insufficient. Perez, 75 Misc 3d. 1205(A). 
CPL § 30.30
CPL § 30.30 "[w]as enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial, and its provisions must be interpreted accordingly." People v. Sinistaj, 67 NY2d 236, 239 (1986). The movant bears the burden to demonstrate the "prosecution failed to declare readiness within the statutorily prescribed time period " People v. Luperon, 85 NY2d 71 (1995). Defendant meets his burden as the COC is deemed invalid. The burden then shifts to the People to establish that certain periods within that time should be excluded. Id.
Here, the highest charge is a misdemeanor, therefore the People are required to be ready for trial within ninety (90) days from defendant's arraignment. CPL § 30.30(1)(b); People v. Adrovic, 69 Misc 3d 563 (Kings County Crim. Ct. 2020).
February 18, 2022 — May 13, 2022
Time Charged to the People — 84 days
Defendant was arraigned on February 18, 2022. The People concede the time from February 18, 2022 to May 13, 2022 is chargeable to the People. See People's Opposition, pg 2-3.
As such, eighty-four (84) days are chargeable to the People. 
May 14, 2022 — September 30, 2022
After the filing of the People's COC, defendant requested adjournments and subsequently filed the instant motion. The matter was calendared for Decision on September 30, 2022. Adjournments made at the request of the defendant are excluded under CPL § 30.30(4)(b). Defense adjournments made for the filing and determination of pre-trial motions are excluded under CPL § 30.30(4)(a).
As such, a total of eighty-four (84) days are chargeable to the People. As the People [*5]have ninety (90) days to be ready for trial on a misdemeanor, defendant's motion to dismiss, pursuant to CPL § 30.30 is hereby denied.
Conclusion
Defendant's motion to invalidate the People's COC and Statement of Readiness due to the People's failure to comply with CPL § 245.20(1)(k) is hereby granted. Defendant's motion to dismiss all counts in the misdemeanor information, pursuant to CPL § 245 and CPL § 30.30 is denied as the People are charged with eighty-four (84) days and have ninety (90) days to be ready for trial on a misdemeanor. 
This Court directs the Yonkers Police Department to answer all questions on the (1)(k) form. The People are directed to use due diligence and make reasonable inquiries to obtain the missing information, pursuant to CPL § 245.20(1)(k). The People are to provide all items of discovery, specifically addressed in this Decision, to defense counsel upon receipt of this Decision and Order. Defendant is entitled to make additional motions should the People fail to turn over the required discovery.