People v Ravenell (2024 NY Slip Op 51091(U))

[*1]

People v Ravenell

2024 NY Slip Op 51091(U)

Decided on August 21, 2024

City Court Of Yonkers

Best, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 21, 2024
City Court of Yonkers

The People of the State of New York

against
Hope Ravenell, Monique Ravenell, Crystal Pabellon and Janet Serrano, Defendant.

Docket No. CR-11018-23 

Westchester County District Attorney
Yonkers Branch
104 South Broadway
Yonkers, NY 10701
Kevin McLoone, Esq.
1 Executive Blvd., Suite 105
Yonkers, NY 10701
Daniel Liebersohn, Esq.
341 Furnace Dock Road, Unit 71
Cortlandt Manor, NY 10567
Randall Richards, Esq.
1428 Midland Ave., Suite 6
Bronxville, NY 10708
Thomas Vallely, Esq.
107 Lake Avenue
Tuckahoe, NY 10701

Karen N. Best, J.

The following papers numbered 1-7 were read and considered on defendants' motion to dismiss (CPL §§ 170.30[1]; 30.30[1][b], 245.50, 245.80).
Papers Numbered
Notice of Motion and Affidavits Annexed 1
Notice of Petition and Petition
Affirmation/Affidavits in Opposition 2
Summons and Complaint
Replying Affirmations/Affidavits 3
Misdemeanor Information 4
Filed Papers 5-7
Memorandum of Law
Factual Background
On October 28, 2023, the People filed a felony complaint charging defendants with Assault in the Second Degree (Penal Law § 120.05[2]). Thereafter, on January 8, 2024, the People filed a superseding misdemeanor information ("SMI") charging defendants with Assault in the Third Degree (Penal Law § 120.00[1]-[3]); Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01[2]); Petit Larceny (Penal Law § 155.25); and Harassment in the Second Degree (Penal Law § 240.26[1]). 
On January 8, 2024, the People filed a Certificate of Compliance ("COC") and declared ready for trial. The People also filed a supplemental COC ("SCOC") on February 23, 2024. Defendants filed a motion challenging the COC and SCOC. On April 17, 2024, this Court determined the People were in compliance with their discovery obligations related to medical records, however, the People were not in compliance related to CPL § 245.20[1][k] materials (Beltran, J.; Decision and Order dated April 17, 2024). This Court invalidated the People's COC and SCOC and directed the People to comply with CPL § 245.20 (id.). 
On April 26, 2024, the People filed a second SCOC in response to this Court's determination finding non-compliance with CPL § 245.20[1][k]. Now before this Court is defendants' second motion, filed on June 3, 2024, again challenging the People's discovery compliance. [FN1]
The People submitted opposition on June 6, 2024, and defendants replied on August 13, 2024.
Certificate of Compliance and Supplemental Certificate of Compliance
The People are required to " disclose to the defendant[s] all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control " (CPL § 245.20[1]; People v. Bay, 41 NY3d 200 [2023]). Upon providing the discovery required by CPL § 245.20, the People shall not be deemed ready for trial for purposes of CPL § 30.30 until they have filed a proper COC (CPL § 245.50[3]). If any known discoverable materials are not exchanged prior to the filing of the COC, the People must file a SCOC when turning over additional discovery and must detail the basis for the delayed disclosure (CPL §§ 245.50[1]-[1-a]; Bay, 41 NY3d 200).
CPL § 245.20(1)(k); CPL § 245.20(1)(p)
Defendants file the instant motion challenging the People's second SCOC filed on April [*2]26, 2024. The People have now turned over the RAP sheet for the complaining witness, Elijah Velez. The People's disclosure is in compliance with this Court's directive (Beltran, J.; Decision and Order dated April 17, 2024). However, defendants argue, "[t]he RAP in this case is not a complete record. Indeed, it does not contain any information concerning 5 criminal arrests satisfied by pleas of guilty, nor does it contain any information for arrests in 2010 and 2013" (Defendant's Motion, para. 16). 
This Court is not persuaded by defendants' argument. Pursuant to CPL § 245.20(1)(k), the People are required to turn over impeachment material. More specifically, CPL § 245.20(1)(p) requires the People to turn over "[a] complete record of judgments of conviction for all defendants and all persons designated as potential prosecution witnesses " (emphasis added). Here, defendants assert they are entitled to the complaining witness' arrests which were satisfied by pleas of guilty to a separate charge (emphasis added). It is clear that an arrest alone is not a conviction. Rather, "[c]onviction means the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument" (CPL § 1.20[13]). Therefore, if a complaining witness is arrested and charged via an accusatory instrument, yet does not subsequently plead guilty to a charge in said accusatory instrument, a conviction does not result.
Moreover, defendants assert entitlement to information from arrests in 2010 and 2013. Again, defendants demand information for arrests and do not assert a conviction resulted from these arrests. To the extent these incidents relate to Disorderly Conduct (Penal Law § 240.20) and/or Harassment in the Second Degree (Penal Law § 240.26), defendants are also not entitled to said records as the matters are sealed (CPL §§ 160.50, 160.55).
The People have turned over and defendants are now in possession of the RAP sheet for complaining witness, Elijah Velez. Said RAP sheet provides defendants with the witness' convictions, court information, dates of plea and sentence, and court docket numbers. The RAP sheet contains the pertinent information defendants are entitled to which the People's initial impeachment chart lacked (see People v. Simmons, 78 Misc 3d 544 [Bronx County Sup. Ct. 2023]; People v. Soto, 72 Misc 3d 1153 [NY County Crim. Ct. 2021]). This Court declines to direct the People to turn over any further documentation related to the complaining witness' convictions.
Second SCOC Conclusion
Based on the foregoing, this Court finds the People are in compliance with their discovery obligations and the People's statement of readiness is deemed valid as of April 26, 2024, the date the People filed their second SCOC.
CPL § 30.30
CPL § 30.30 "[w]as enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial, and its provisions must be interpreted accordingly" (People v. Sinistaj, 67 NY2d 236, 239 [1986]). The movant bears the burden to demonstrate the "prosecution failed to declare readiness within the statutorily prescribed time period " (People v. Luperon, 85 NY2d 71 [1995]). As this Court has previously invalidated the People's COC and first SCOC, defendant has met his burden to demonstrate the People have not declared ready within the statutorily prescribed time period. The burden then shifts to the People to establish that certain periods within that time should be excluded (id.).
The People must be ready for trial within six (6) months of the commencement of the criminal action on a felony (CPL § 30.30[1][a]) and ninety (90) days on a misdemeanor (CPL § 30.30[1][b]). The exception to this rule occurs when a case is commenced as a felony and is thereafter replaced with an SMI (CPL § 30.30[7][c]; People v. Wahab, 77 Misc 3d 1212[A] [Crim Ct, Bronx County 2022]; People v. Carter, 83 Misc 3d 1225[A] [Yonkers City Ct. 2023]). Here, defendant contends, and the People do not oppose, the ninety (90) day timeframe applies from the date the People filed the SMI on January 8, 2024 (CPL § 30.30[7][c]).
January 8, 2024 — February 20, 2024
The People concede the adjournment from January 8, 2024 to February 20, 2024 is chargeable to the People (People's Opposition, Memorandum of Law, Point B, para. A).
As such, forty-three (43) days are chargeable to the People.
February 20, 2024 — April 17, 2024
On February 20, 2024, defendants filed their first motion challenging the People's COC and SCOC. This Court set a motion schedule and the matter was adjourned to April 30, 2024 for this Court's Decision and Order. This Court rendered its Decision and Order on April 17, 2024 invalidating the People's COC and SCOC. Adjournments made at the request of defendants (CPL § 30.30[4][b]), made for pre-trial motions, and the period during which such matters are under consideration by this Court are excluded (CPL § 30.30[4][a]).
As such, zero (0) days are chargeable to the People.
April 17, 2024 — April 26, 2024
The People concede the adjournment from April 17, 2024 to April 26, 2024 is chargeable to the People (People's Opposition, Memorandum of Law, Point B, para. C).
As such, nine (9) days are chargeable to the People.
April 26, 2024 — August 28, 2024
On April 26, 2024, the People filed their second SCOC. As discussed above, this Court finds the People are in compliance with CPL § 245.20 and have made a valid declaration of readiness as of the filing of their second SCOC on April 26, 2024. On April 30, 2024, defendants requested an adjournment to June 3, 2024 to file the instant motion. This Court set a motion schedule and the matter was adjourned to August 28, 2024 for this Court's Decision and Order.
Adjournments made at the request of defendants (CPL § 30.30[4][b]), made for pre-trial motions, and the period during which such matters are under consideration by this Court are excluded (CPL § 30.30[4][a]).
As such, zero (0) days are chargeable to the People.
Conclusion
Based on the foregoing, the People's second SCOC and statement of readiness is deemed valid as of April 26, 2024. As such, defendants' motion to invalidate the People's second SCOC is hereby DENIED.
Pursuant to CPL § 30.30, the People are charged with fifty-two (52) days as of April 26, 2024. As the People have ninety (90) days to declare ready for trial, defendant's motion to dismiss on this basis is hereby DENIED.
Additional Motions
Defendant's request to make additional motions will be determined at the time any further motion is made.

Footnotes

Footnote 1:The instant motion was filed by the attorney for defendant, Hope Ravenell. The attorneys for the remaining defendants have adopted said motion.